# 24-0959-cv

## United States Court of Appeals

*for the*

## Second Circuit

———

HOME TEAM 668 LLC,

*Plaintiff-Appellant,*

— v. —

THE TOWN OF EAST HAMPTON, LINDA SCICOLONE, ANN GLENNON,
THOMAS TALMAGE, MICHAEL SENDLENSKI, in their official
and individual capacities,

*Defendants-Appellees.*

———

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

## BRIEF AND SPECIAL APPENDIX
## FOR PLAINTIFF-APPELLANT

RICHARD L. RAVIN
HARTMAN & WINNICKI, P.C.
*Attorneys for Plaintiff-Appellant*
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040

CP COUNSEL PRESS (800) 4-APPEAL • (330671)

## <u>CORPORATE DISCLOSURES STATEMENT</u>

Pursuant to Fed. R. App. P. 26.1, Plaintiff-Appellant Home Team 668 LLC, is a New York limited liability company that does not have a parent corporation and no publicly held corporation owns 10% or more of its stock.

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURES STATEMENT .......................................................i

TABLE OF AUTHORITIES ...................................................................iv

JURISDICTIONAL STATEMENT ........................................................1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ....................................2

STATEMENT OF THE CASE...........................................................2

A.    Background ........................................................................2

B.    Procedural History .................................................................11

    1.    Issuance of Stop Work Order ...........................................11

    2.    Issuance of Appearance Ticket and Criminal Complaints.................11

    3.    Home Team Appeal To East Hampton Zoning Board of Appeal.................................................................12

    4.    Prior Article 78 Proceeding In New York State Supreme Court .........................................................................13

    5.    District Court Action .....................................................20

C.    Rulings Presented For Review .......................................................22

SUMMARY OF THE ARGUMENT ......................................................27

STANDARD OF REVIEW ...............................................................29

LEGAL ARGUMENT....................................................................29

    POINT I

    THE DISTRICT COURT ERRED BY RULING *RES JUDICATA* BARS HOMETEAM'S CLAIMS .........................................................29

    A.    The Sole Basis of Dismissal Of Counts 1 Through 3 Was Res Judicata .........................................................................29

    B.    The District Court Erred By Misapplying *Davidson* And *Northern Assurance* ............................................................30

    C.    *Whitfield* and *Davidson* are Controlling ..............................30

D. Motion Seeking Leave To Amend Prior Action Is Irrelevant To Res Judicata Analysis ....................................................................37

E. Judge Baisley's Denial of Motion For Leave To Amend Is Evidence Of "Pure" Article 78 Proceeding............................................39

F. Judge Baisley Dismissal Was Not Based On The Merits .................39

G. The Claims In The Complaint Could Not Have Been Brought In The Previous Summary Proceeding.....................................................40

  1. Civil Rights Actions Are Per Se Not Subject To Claim Preclusion Based On Same Facts Being Litigated In A Prior Article 78 Special Proceeding............................................40

  2. Home Team's Attempt To Bring The § 1983 Claims in the prior proceeding and Being Prevented By The Court is Conclusive That Said Claims Could Not Have Been Brought ........................................................................44

CONCLUSION ...........................................................................................45

iii

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Absolute Activist Value Master Fund Ltd. v. Ficeto,*
   677 F.3d 60 (2d Cir. 2012)....................................................................29

*Collard v. Incorporated Village of Flower Hill,*
   759 F.2d 205 (1985), *aff'g*, 604 F. Supp. 1318 (E.D.N.Y.1984), *cert.*
   *denied*, 474 U.S. 827 (1985) ...............................................................43

*Colon v. Coughlin,*
   58 F.3d 865 (2d Cir. 1995), *abrogated on other grounds by*
   *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020)...........................23

*Coma Realty Corp. v. Davis,*
   200 A.D.3d 975, 161 N.Y.S.3d 125 (2d Dep't 2021)................................. 32, 35

*Connally v. General Constr. Co.,*
   269 U.S. 385 (1926)...............................................................................8

*Corbett v. City of New York,*
   816 F. App'x 551 (2d Cir. 2020) ................................................ 23, 30

*Curtis v. Citibank, N.A.,*
   226 F.3d 133 (2d Cir. 2000)...................................................... 37, 38

*D.B.C.G. v. Town of Ramapo,*
   99 A.D.2d 502, (2d Dep't 1984) .........................................................42

*Davidson v. Capuano,*
   792 F.2d 275 (2d Cir. 1986)........................................................ *passim*

*Felder v. Casey,*
   487 U.S. 131, 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988)...................19

*Integrated Technologies, Inc. v. Beachem Immunosystems, (U.S.) Inc.,*
   2 F. Supp. 2d 97 (D. Mass. 1998) ............................................. 37, 38

*Johnson v. Annucci,*
   208 A.D.3d 1403, 174 N.Y.S.3d 148 (3d Dep't 2022)........................32

*Matter of Kusky v. Town of Islip,*
   266 A.D.2d 460, 699 N.Y.S.2d 69 (2d Dep't 1999)...........................19

iv

*Meiselman v. Richardson*,
743 F. Supp. 143 (E.D.N.Y. 1990) .......................................................19

*Northern Assurance Company of America v. Square D Company*,
201 F.3d 84 (2d Cir. 2000)................................................ 23, 30, 37, 38

*O'Connor v. Huntington U.F.S.D.*,
87 A.D.3d 571, 929 N.Y.S.2d 743 (2d Dep't 2011) ...........................19

*People v. Stuart*,
100 N.Y.2d 412 (2003) ...........................................................................8

*Sheffield v. Sheriff of Rockland Cnty. Sheriff Dep't*,
393 F. App'x 808 (2d Cir. 2010) .........................................................23

*Vorobeichik v. Greenpoint Goldman SM, LLC*,
164 A.D.3d 866, 79 N.Y.S.3d 545 (2d Dep't 2018)............................19

*Whitfield v. City of New York*,
96 F.4th 504 (2d Cir. 2024)............................................... *passim*

**Statutes & Other Authorities:**

28 U.S.C. § 1291 ........................................................................................1

42 U.S.C. § 1331 ........................................................................................1

42 U.S.C. § 1983 ............................................................................ *passim*

42 U.S.C. § 1988 ......................................................................................20

CPLR § 103(c) ................................................................... 42, 43

CPLR § 401 ....................................................................... 32, 42

CPLR § 408 ...............................................................................................32

CPLR § 3025(b) ........................................................................................19

CPLR § 7802(d) ........................................................................................32

CPLR § 7804(h) ........................................................................................32

CPLR § 7806........................................................................... 20, 39, 42

Fed. R. Civ. P. 12(b)(6)....................................................... *passim*

N.Y. Const., art. IX, § 2(b)(3)..................................................................7

Municipal Home Rule Law § 10(1)(ii)(a)(14)........................................7

Municipal Home Rule Law § 10(1)(ii)(d)(3)..................................................7

Statute of Local Governments § 10(6)......................................................7

TWN § 267-a5(b) ...............................................................................9

TWN § 267-a6 ......................................................................... *passim*

TWN § 267-a7 ..................................................................................9

Town of East Hampton Code § 102-12 ............................................ *passim*

Town of East Hampton Code § 102-21(B) ...............................................12

Town of East Hampton Code § 255-10-25 ....................................... *passim*

Town of East Hampton Code § 2556-50(F) ..............................................12

D. Siegel, *Handbook on New York Practice* (1978) ......................... 32, 42

Restatement (Second) of Judgments (1982) ............................................41

## **JURISDICTIONAL STATEMENT**

Plaintiff-Appellant Home Team 668 LLC ("Plaintiff" or "HomeTeam") filed its complaint ("Complaint") in this action in the U.S. District Court for the Eastern District of New York, on December 1, 2022 (A7).[1] The district court had jurisdiction pursuant to 42 U.S.C. § 1983 as an original proceeding and had subject matter jurisdiction of 42 USC § 1331 as it involves allegations of violations of rights arising under the U.S. Constitution and the Fourth, Fifth, Sixth and Fourteenth Amendments.

On March 13, 2024, the district court filed its Memorandum and Order dismissing the action on Defendants' Rule 12(b)(6) Motion (SPA25) and the Clerk filed a final Judgment (SPA38). HomeTeam filed a timely Notice of Appeal on April 11, 2024 (A774). This court has appellate jurisdiction pursuant to 28 USC § 1291. This appeal is from a final order that disposes of all claims as to all parties.

---

[1] Citations to the Joint Appendix are designated "A__," Citations to the Special Appendix are designated "SPA__."

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1. Whether Home Team's New York State Supreme Court matter was treated by that court as a "pure" or "hybrid" Article 78 proceeding?

2. Whether the district court erred by adopting the Report & Recommendation ("R&R) (SPA1) of the Magistrate Judge and ruling that HomeTeam's non-Article 78 claims and relief were disposed of on the merits by the New York State Supreme Court?

3. Whether the district court erred by adopting the R&R and ruling that Counts 1 through 3 of the Complaint alleging violation of 42 U.S.C. § 1983 are barred by res judicata as a result of the adjudication of the New York State Supreme Court proceeding?

4. Whether the district court erred in granting Defendants' Motion To Dismiss with prejudice (as to Counts 1 through 3) pursuant to Fed. R. Civ. P. 12(b)(6), based on *res judicata*?

## STATEMENT OF THE CASE

### A.    Background

HomeTeam asks only that this court allow its Section 1983 claims to finally be adjudicated on the merits, after six years of trying at the State Supreme Court and Eastern District Court levels.  At every turn, HomeTeam has been denied a hearing and decision on the merits as to its various claims for relief, beginning with (i) the

Town's erroneous administrative action in June 2018 (wrongful issuance of a stop work order), and continuing through (ii) HomeTeam's appeal to Town Zoning Board of Appeal ("ZBA")  (erroneous dismissal on mootness grounds after delaying a hearing for more than five months), (iii) in State Supreme Court where the judge dismissed Home Team's entire lawsuit *sua sponte* on ***HomeTeam's Motion to Amend*** (to include, inter alia, section 1983 claims), without any Motion To Dismiss pending or notice to HomeTeam that the court was considering complete disposition of the matter, and lastly, (iv) in the district court below, where both the Magistrate Judge and the District Judge erroneously concluded that the state court proceeding was a "hybrid" case that necessitated application of res judicata as a bar to the district court Complaint.  Each of these fora have misapplied the relevant law and the facts of the case, resulting in a deprivation of HomeTeam's constitutional rights, and in the case of the district court, erroneous dismissal of Home Team's valid and plausible § 1983 claims, Counts 1 through 3. Count 4 was correctly dismissed without prejudice at the urging of HomeTeam because the claim was not ripe (because the criminal action is still pending).

In its district court Complaint (A7) HomeTeam alleged Defendants violated its rights and claims relief against Defendants pursuant to 42 U.S.C. §1983 and seek relief pursuant § 1988 as follows:: Count 1, violation of procedural due process under the Fourteenth Amendment (A36); Count 2, violation of substantive due

process under the Fourteenth Amendment (A46); Count 3, violation of equal protection under the Fourteenth Amendment (A51), and Count 4, violation of speedy trial under the Sixth Amendment (A54). HomeTeam alleges, among other things, that its rights were violated by Defendants in connection with Plaintiff's vested right to develop real estate and construction pursuant to its site plan approvals (A14 ¶14, A65) and issued building permit for property located in the Hamlet of Montauk, Town of East Hampton, State of New York (A10 ¶15, A71) ("Property") as a result of:

a. Defendants' wrongful issuance of Stop Work Order ("SWO") (A106) to Plaintiff and the unconstitutionality of its authorizing ordinance, Code §102-12, Stop Order (A12 ¶29 to A18 ¶63);

b. Defendants' wrongful handling of Plaintiff's appeal to the ZBA of the wrongfully issued SWO (A19 ¶67 to A20 ¶76; A25 ¶106 A26 ¶109)

c. Defendants' issuance of criminal charges against Plaintiff (original Misdemeanor Informations (A18 ¶64 to 66, A114-115); Superseding Misdemeanor Informations (A22 ¶89 to A23 ¶95)) and prosecution in Justice Court for alleged violation of SWO and related ordinance (A28 ¶122 to A30 ¶139);

d. Defendants' passage and enforcement of unconstitutional ordinance Code §255-10-25 (SPA45) which acted to supersede New York state

4

law, Town Law §267-a6 (SPA44) requiring a stay of enforcement proceedings (e.g. a stop work order) upon the filing of an appeal (e.g. to the ZBA) which resulted in Plaintiff being denied its procedural due process rights (i.e. by having no meaningful review post deprivation of arbitrary and capricious enforcement actions) (A26 ¶110 to A27 ¶113). Defendants repealed this unconstitutional ordinance which was adopted March 29, 2019 (SPA46), 18 years after its passage, only as a result of HomeTeam's filing its Verified Article 78 Petition And Complaint ("Petition") (A27 ¶¶114-115, A186);

e.  Defendants' violation of HomeTeam's equal protection right by their selective enforcement of American with Disabilities Act ("ADA") regarding handicap access (A33 ¶ 153 to A35 ¶161);

f.  Defendants' frivolous opposition to Plaintiff's Article 78 proceeding Order To Show Cause (A314) and rescinding SWO on November 21, 2019 (A622) only one day after, and as a result of, Plaintiff being successful in obtaining injunctive relieve against the Town of East Hampton with respect to enforcement of SWO (A233);

HomeTeam seeks compensation for its injuries, including compensatory and consequential damages, such as loss of rent, loss of use of Property, increased

constructions costs and professional fees, diminution of value of the Property, attorneys' fees (A35 ¶162 to A36 ¶167).

At the crux of HomeTeam's procedural due process violation claim is the Town's passage and enforcement of Code §255-10-25, which is sometimes referred to as the "stay of the stay" ordinance, because it had the effect of staying New York Town Law §267-a6, Stay upon appeal (SPA44). Section 267-a6 provides:

> ***An appeal shall stay all proceedings in furtherance of the action appealed from***, unless the administrative official charged with the enforcement of such ordinance or local law, from whom the appeal is taken, certifies to the board of appeals, after the notice of appeal shall have been filed with the administrative official, that by reason of facts stated in the certificate a stay, would, in his or her opinion, cause imminent peril to life or property, in which case proceedings shall not be stayed otherwise than by a restraining order which may be granted by the board of appeals or by a court of record on application, on notice to the administrative official from whom the appeal is taken and on due cause shown.

(Emphasis added.)

East Hampton deprived HomeTeam of its constitutional rights by adopting and enforcing Town Code § 255-10-25 (SPA45) in or about 2001, which took away the stay of enforcement prescribed by state statute against HomeTeam while HomeTeam was prevented from obtaining any meaningful review of the Town's erroneous issuance and enforcement of the SWO. Town Code § 255-10-25, which

the Town enforced for 18 years, prior to its repeal (SPA46) (as a result of

HomeTeam's Article 78 proceeding), provided as follows:

> The provisions of Subdivision 6 of § 267-a of the New
> York Town Law shall in no way limit the authority,
> responsibility or jurisdiction of the Building Inspector,
> Town Chief Investigator, any Ordinance Enforcement
> Officer or any other duly authorized administrative official
> of the Town to enforce the provisions of this chapter.
> Specifically, ***upon the filing of an appeal or application
> for a variance to the Zoning Board of Appeals, <u>there
> shall exist no stay of enforcement proceedings
> whatsoever,</u> and the aforementioned administrative
> officials shall have full power to institute and prosecute
> enforcement proceedings under this chapter without the
> necessity of making any form of certification to the
> Board of Appeals***. To the extent inconsistent herewith,
> Town Law § 267-a(6) is superseded in its effect, pursuant
> to the Town's powers under Article IX, Section 2(b)(3), of
> the New York State Constitution, § 10(6) of the Statute of
> Local Governments, and § 10(1)(ii)(a)(14) and
> 10(1)(ii)(d)(3) of the Municipal Home Rule Law.

(Emphasis added.)

The issuance of the SWO was unconstitutionally vague and overly broad, in

part because its authorizing ordinance was so (Town Code §102-12) (SPA47), which

also be challenged as unconstitutional by HomeTeam. The Town has had a policy

and practice of unlawfully and unconstitutionally violating the due process rights of

landowners, like HomeTeam, through its enactment in 2001 and enforcement for 18

years of § 255-10-25, as well as enactment and enforcement of Town Code § 102-

12 ("Stop order"). As to Code § 102-12, its constitutional infirmities may be

7

summarized as: i) vague (both on its face and as applied), (ii) fails to require actual notice, and (iii) fails to require adequate notice, to wit, does not require specifics in stop work order as to what was violated and how it can be remedied so the stop work order can be rescinded. Additionally, there is no provision for prompt post-deprivation review of issuance of a stop work or. The ordinance is unconstitutionally vague on its face and as applied. See *Connally v. General Constr. Co*., 269 U.S. 385, 391 (1926), and *People v. Stuart*, 100 N.Y.2d 412 (2003). An analysis of due process/vagueness infirmities of Town Code § 102-12 is contained in Home Team's Supplemental Submission dated February 5, 2019, filed with the ZBA (A142). HomeTeam had sought a determination from the ZBA as to the validity of the SWO, but the ZBA failed to address or decide that issue (A237).

Moreover, the Town and its officials have failed to follow the guidelines promulgated by the New York Department of State, Division of Local Government Services (A13 ¶33; "Zoning Board Of Appeals", by James A Coon, Local Government Technical Series (A73).

HomeTeam filed a Notice of Appeal to the ZBA with supporting brief and Affidavit on August 24, 2018 (A88, A91, A101, A86), appealing the issuance and enforcement of the SWO. Because of the Town's unconstitutional adoption and enforcement of Code § 255-10-25, the Town flouted state statutory authority of New York § 267-a6, which actually prohibited the Town from further enforcement of the

8

Stop Work Order. New York § 267-a6 provides a stay upon appeal. But for the Town's policy and practice of enforcing Code § 255-10-25, HomeTeam would have been spared deprivation of its constitutional rights.

It would have been one thing (albeit still a violation of the state pre-emption doctrine) if the Town had eliminated the stay of enforcement but had a procedure guaranteeing property owners such as HomeTeam a prompt post-deprivation due process hearing. However, no such procedure existed, and the Town officials and ZBA purposefully dragged their feet in express violation of yet other state statutory authority to immediately ("forth with") forward the zoning file to the ZBA upon filing of the appeal, and for an immediate setting of a hearing date. These violations of statutory authority resulted in a protracted delay (more than five months) before the ZBA heard the appeal, and another month before the ZBA's erroneous determination based on mootness.

Upon the filing of HomeTeam's appeal, the Town was required to immediately have the zoning file transmitted "forthwith" to the ZBA, and ZBA was required to set the hearing date upon HomeTeam's filing of the appeal, which the Town did not do (Town Law § 267-a5(b) and (7), respectively). Town officials did not transmit zoning file "forthwith" or fix a date for the zoning hearing upon the filing of appeal. In fact, the ZBA did not transmit the file until February 1, 2019, four days before the hearing (A21 ¶73), and did not even hold the hearing until 5-

9

1/2 months had elapsed since the filing of the appeal, and did not issue its determination until more than six months after the filing, in gross violation statutory requirement (appeal was filed August 24, 2018 (A86); ZBA hearing held February 5, 2019 and determination issued on February 26, 2019 (A237).

Adding insult to injury, the ZBA (erroneously) decided that HomeTeam's appeal was moot because SWO had been rescinded by the Town (on November 21, 2018, the day after entry of the Order To Show Cause restraining the Town from enforcing the SWO)(A238) despite that there was a two-count criminal complaint pending in the Town Justice Court against HomeTeam. HomeTeam filed a Motion To Dismiss the criminal complaints on November 25, 2018 (A21 ¶82). Initially, two Misdemeanor Informations were issued against HomeTeam on July 18, 2018 (A81-82) pursuant to an **un**sworn Statement (A84) and Appearance Ticket (A79), then two Superseding Misdemeanor Informations were issued on December 20, and 21, 2018 (A183-184). The criminal complaints were pending (and remain pending to this day) in Justice Court at the time of the filing of the district court Complaint (A23 ¶95). The criminal complaints stem from alleged violation of the SWO and related Town zoning ordinance. These circumstances, as well as other actions and omissions

10

by the Defendants are the basis of HomeTeam's Complaint for violation of it civil rights pursuant to section 1983 (A7). [2]

## B.  Procedural History

### 1.  Issuance of Stop Work Order

The Town issued the SWO to HomeTeam on June 30, 20**18**, although the date on the SWO incorrectly had the year "2019" (A106; envelope containing SWO ECF 1-6 A108-109).

### 2.  Issuance of Appearance Ticket and Criminal Complaints

On July 13, 2018, Town prosecutors issued an Appearance Ticket to HomeTeam by serving it on the office of the Secretary of State of New York and then issued Misdemeanor Informations, Counts 1 and 2, against Home Team

---

[2] The following is a timeline of relevant events: ***2001***: Town enacted Town Code § 255-10-25. ***2014:*** Town Code § 102-12 last amended. ***2017***: Aug. 7 - Building Permit issued. ***2018***: June 28 - SWO issued; July 18 – criminal charges (2 Counts) filed against Home Team in Justice Court; Aug. 24 - ZBA Appeal filed; Nov. 14 - Article 78 Petition filed; Nov. 20 – Supreme Court entered TRO against Town restricting enforcement of SWO; Nov. 21 – Town rescinded SWO; Nov. 28 - Home Team filed Motion To Dismiss criminal charges; Dec. 21 – Town filed superseding criminal charges as to both counts. ***2019***: Feb. 1 - Zoning File transmitted to ZBA; Feb. 5 – Home Team filed Supplemental Submission with ZBA and ZBA hearing held; Feb. 26 - ZBA issued determination denying appeal based on mootness; March 29 – Repeal of Town Code § 255-10-25; June 4 - Home Team filed Motion For Leave To Amend and Supplement Article 78 Petition. ***2020:*** May 14, Judge Baisley Opinion Denying Motion to Amend and Dismissing all claims (including non-Article 78 claims); Dec. 1 – Home Team filed § 1983 civil action in E.D.N.Y.

("Criminal Complaint") alleging: Count 1, violation of Town zoning ordinance, Code § 2556-50(F) (Necessary elements of site plan), and Count 2, violating the SWO and Code § 102-21(B)(A114-115). The Town prosecutors later filed Superseding Misdemeanor Informations for Counts 1 and Counts 2 (A183-184). The criminal matter remained pending during the appeal to the ZBA, including Home Team's Motion To Dismiss in the Town Justice Court which was based in part on invalidity of the SWO (A21 ¶¶82-87, A26 ¶¶108-109).

### 3. Home Team Appeal To East Hampton Zoning Board of Appeal

HomeTeam filed an appeal of the overbroad, vague, ambiguous and erroneously issued SWO to the ZBA on or about August 24, 2018, but because of the unconstitutional enactment and enforcement of the Town's Code §255-10-25 (known as the "*stay of the stay*" ordinance) in violation of New York state law, Town Law § 267-a6, the Town was ***not stayed*** from further enforcement of the SWO. Because of the Town's *stay of the stay*, HomeTeam was prevented from completing critical construction projects to protect the building, property, and neighborhood, and the Town continued to prosecute the criminal complaint against HomeTeam for violation of the SWO and related ordinance.

Defendants further violated the rights of HomeTeam by failing to timely schedule, hear, and determine the ZBA appeal. It would not be until February 5, 2019, until HomeTeam's appeal was heard by the ZBA, and February 28, 2019

until the ZBA finally issued its determination, more than six months after HomeTeam filed its appeal to the ZBA, and eight months after the SWO was issued.

The ZBA erroneously determined that the appeal was moot, because the SWO had been rescinded. The Town rescinded the SWO in its entirety on November 21, 2018 (A622), the day after the New York Supreme Court entered the Order To Show Cause restraining the Town from enforcing the SWO on November 20, 2018 (A233). However, because the criminal complaint was (and is) still pending in the Town Justice Court based in part on the erroneously issued SWO and the alleged violation of SWO and related ordinance, the issue was not moot. Home Team argued in its original appeal papers to the ZBA (dated August 23, 2018) and supplemental appeal submission (dated February 5, 2019) that the misdemeanor informations and supporting document and the criminal proceeding in the Town Justice Court were defective because of the invalidity of the issuance and enforcement of the SWO (initial filed papers: A95, A96, A103 ¶¶ 19-22; supplemental submission: A145, A146, A148, A149, A150, A151 (as to page A151, discussion of unconstitutional vagueness)).

4.     **Prior Article 78 Proceeding In New York State Supreme Court**

As a result of the unlawful delay in Defendants' transmittal of the Zoning file to the ZBA and the unlawful delay in scheduling of the ZBA (and delay in

determination**)**, Home Team had no other option but to seek review of the unlawful actions of the Town and its officials by filing an Article 78 Petition, which it did after waiting nearly three months for the ZBA to hold its hearing, which had no yet occurred.

Thus, on November 14, 2018, plaintiff commenced an Article 78 special (summary) proceeding in New York State Supreme Court by way of Order To Show Cause upon the filing of its Petition against Town of East Hampton, East Hampton Zoning Board of Appeals (comprising John P. Whalen, Theresea Burger, Roy Dalene, Samuel Krumer, and Tim Brenneman) ("ZBA"), Linda Sciolone, and Ann Glennan (A186). The Article 78 Petition sought, *inter alia*, vacate the SWO issued on June 30, 20**18**[3] (A106) issued by the Town, and alternatively to enjoin enforcement of the SWO. The proceeding also sought to declare Town of East Hampton Code § 255-10-25 unconstitutional and invalid, because the Code provision had the effect of nullifying the stay of enforcement of the SWO that was directly contrary to New York state statute, Town Law §267-a6.

On November 20, 2024, Judge Joseph Pastoressa heard arguments of counsel and entered an Order To Show Cause with temporary restraints against

---

[3] The year on the SWO is incorrectly handwritten as "2019"; See envelopes with metered postage date stamp of "6/29/2018" (A108-109).

the Town from enforcing the SWO, and allowing HomeTeam to continue work on construction of the building and site work. (A233-235).

On or about June 3, 2019, HomeTeam filed a motion seeking leave to amend its five-Count Article 78 Petition (original Petition at A186), filing on June 3, 2018, its Notice of Motion For Leave To Amend (A328), supporting Affirmation (A333) with proposed amended Petition and Complaint in Track Changes (A349) and clean version (A426)). HomeTeam sought to update the mandamus and declaratory judgment Counts in light of the Town's rescission of the SWO, seeking to add declaratory judgment claim as to the unconstitutionality of Town Code § 102-12, "Stop Order" (new Count Four Declaratory Judgment on §102-12, A459; new Count Five, Declaratory Judgment on SWO and§102-12, A456). Counts Four and Five in the original Petition became proposed Counts Six and Seven, respectively. The proposed amended Petition also sought Article 78 relief against Michael Sendlenski, Town Attorney in Count Eight (A474), sought Negligence claims in Count Nine (A476) *and sought claims under 42 U.S.C. § 1983 in Count Ten (A480)*. The proposed amended Petition *sought for the first time, relief for money damages* (Count 6, A471; Count 7, A474; Count 8, A476; Count 9, A774; Count Ten, A492). *No relief was sought in the original Petition for any money damages* (A201, A202, A203-204, A206, A207). The proposed amended Petition added individual defendants, Michael Sendlenski, Town

15

Attorney, and Thomas Talmage, Town Engineer (proposed Amended Petition caption, A426; Parties To The Action, A431 ¶¶ 14 and 15).

HomeTeam's motion to amend dated May 31, 2019 (A328) followed the determination of the ZBA on February 28, 2019, denying the appeal based on mootness (despite the pending criminal case against HomeTeam which depended on validity of SWO) (A237) and following HomeTeam learning that the Town had repealed, adopted March 29, 2019, the unconstitutional stay-of-the-stay ordinance, Code 255-10-25 (acknowledging that the ordinance had violated New York law since 2003) (A26 ¶110-A27 ¶115) .

On May 14, 2020, The Honorable Paul Baisley, J.S.C., denied Home Team's Motion To Amend and **_simultaneously dismissed the entire proceeding sua sponte_**, without any Motion To Dismiss pending, without converting the non-Article 78 claims to a plenary action at law, and without any notice to HomeTeam that that he was considering disposing of the case[4] (SPA39). **_During its entire pendency, the Supreme Court proceeding always remained an Article 78 summary proceeding -- the court never converted it (or entered an order of conversions) to a plenary action, or treated it as a "hybrid" Article 78 proceeding or severed any claims._**

---

[4] Home Team filed a Notice of Appeal of Judge Baisley's opinion, but did not perfect said appeal.

In disposing of the entire matter, the court failed to address, let alone even mention in its written decision HomeTeam's proposed section 1983 claims, contained in proposed Count 10. No determination was made on the merits as to any of HomeTeam's section 1983 relief seeking non-Article 78 compensatory or consequential economic damages.

Judge Baisley addressed only one of HomeTeam's claims for declaratory relief (the only Count in the original Petition seeking invalidation of a Town ordinance). After quoting the Town Code § 255-10-25, No Stay On Appeal, Judge Baisley devoted a single paragraph to the ordinance in his short opinion, citing cases that held ordinances were entitled to a "strong presumption" of validity and constitutionality, and then ruled: "In light of the foregoing, plaintiff/petitioner's declaring the Town of East Hampton Code §255-10-25 unconstitutional and invalid is denied." (SPA42). Judge Baisley made no reference whatsoever as to the facts alleged in the Petition regarding the ordinance, and performed no legal or factual analysis. Judge Baisley did not notify the parties that he was converting the Motion To Amend to a dispositive motion. While it is obvious that there was no analysis as to facial constitutionality, it is beyond dispute that there was no "as applied" analysis to the constitutionality of the ordinance. (SPA 42).

Undoubtedly as a result of the litigation by Home Team, the Town did finally relent and repealed the ordinance on March 29, 2019, acknowledging that the

17

ordinance had violated New York Law (since 2003). (SPA46, A26 ¶110 to A27-¶115). The act of repeal, and the admission by the Town Attorney's office (A27 ¶¶ 114-15) *which occurred more than a year prior to Judge Baisley's ruling*, stands in stark contrast to Judge Baisley's ruling based only on the allegations in the Petition that *the ordinance is presumptively valid*. The repealer ordinance was adopted on March 21, 2019 (SPA46); Judge Baisley's Opinion and Order was issued on May 14, 2020 (SPA43)). It is impossible to reconcile that such an adjudication by a court of limited jurisdiction could be considered "on the merits" and should act as a *res judicata* bar to HomeTeam's civil rights claims, when Judge Baisley, without converting the proceeding to plenary action at law, without allowing discovery or dispositive motion practice, nonetheless *sua sponte* (without any motion to dismiss before him), dismissed Home Team's claim for declaratory relief as to the unconstitutionality of the ordinance.

Judge Baisley denied Home Team's Motion to amend while devoting only a single paragraph in the opinion to the analysis of the Motion, and focusing on only two aspects: "the propriety" of the stop work order and the negligence claim (SPA42-43). As to the first aspect, *Judge Baisley was clearly analyzing the claim only as to mandamus/Article 78*. As to the second aspect, while HomeTeam disagrees that the Notice of Claim did not sufficiently put the Town on notice of a negligence claim, HomeTeam's Complaint in this action does not advance a

18

negligence claim, and a Notice of Claim requirement is preempted § 1983. *Felder v.*

*Casey*, [487 U.S. 131](), 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988). (Supreme Court

held that a plaintiff bringing an action under section 1983 need not comply with a

state's notice of claim requirements. *Id.* at p. 140, 108 S.Ct. at p. 2308); *see also*

*Meiselman v. Richardson*, 743 F. Supp. 143 (E.D.N.Y. 1990).

The following is the entirety of Judge Baisley's Opinion devoted to the

reasoning for his denial of HomeTeam's Motion To Amend:

> Turning to plaintiff/petitioner's motion to amend the
> pleadings, it is well settled that "although leave to amend
> should be freely given in the absence of prejudice or
> surprise to the opposing party *(see* CPLR 3025[b]), the
> motion should be denied where the proposed amendment
> is palpably insufficient or patently devoid of merit"
> (*Vorobeichik v Greenpoint Goldman SM, LLC*, 164 AD3d
> 866, 79 NYS3d 545 [2nd Dept 2018]).
> Plaintiff/petitioner's proposed amended pleadings
> challenge the propriety of the stop work order issued in
> June 2018 and assert a new negligence claim. The claim
> challenging the propriety of the stop work order **is without
> merit** as the prosecution of plaintiff's code violation is
> discretionary and **not subject to mandamus relief.**
> **"Mandamus will not be awarded** to compel an act with
> respect to which an administrative agency may exercise
> judgment or discretion" (*Matter of Kusky v Town of Islip*,
> 266 AD2d 460, 461, 699 NYS2d 69 [2nd Dept 1999]). The
> negligence claim is not contained in the notice of claim
> and does not allege facts establishing a special relationship
> between the Town and plaintiff, and thus cannot be
> asserted in the proposed amended complaint (*O'Connor v
> Huntington U.F.S.D.*, 87 AD3d 571, 929 NYS2d 743 [2nd
> Dept 2011]). Accordingly, plaintiff/petitioner's motion to
> amend the pleadings is denied.

(A42-43, (emphasis added)).

Importantly, Judge Baisley based his denial of the Motion to Amend **based on mandamus law/Article 78** and made no mention of HomeTeam's (i) § 1983 claim, (ii) declaratory relief as to Town Code § 102-12, (iii) monetary damages or CPLR § 7806 (requiring damages to be incidental to the primary relief sought to be cognizable), or (iv) adding party-defendants Michael Sendlenski or Thomas Talmage.

### 5. District Court Action

HomeTeam filed the within district court Complaint on December 1, 2020, which contains four Counts of § 1983 violations, based on: 1) procedural due process, 2) substantive due process, 3) equal protection, and 4) speedy trial. (A36, A46, A51, A54, respectively.) Home Team seeks (i) money damages, attorneys fees, expenses, and costs pursuant to §§ 1983 and 1988, (ii) a declaration that East Hampton Town Code §102-12, "Stop Order" (stop work order) is unconstitutional and enjoining enforcement of the ordinance, (iii), and declaring that East Hampton policy and custom of issuing stop work orders without first giving the landowner and building permit holder a hearing and opportunity to be heard or otherwise provide due process is unconstitutional and that East Hampton and its officials be enjoined from issuing stop work orders in the future without providing said due process and developing and instituting an instructional and training program for its

20

employees, officials and boards on the proper exercise of due process in connection with enforcement of its stop work orders (A55-56). The HomeTeam Complaint does not seek to enjoin or otherwise interfere with the Justice Court criminal matter which is still pending.

The Town filed a Notice of Motion To Dismiss pursuant to Rule 12(b)(6) on April 8, 2021 (A264) supported by a Memorandum of Law (A266) and Declaration (A301).

Home Team filed an Opposition Brief on May 17, 2021 (A711), and Defendants filed their Reply Brief on June 3, 2021 (A749).

The Motion was referred to Magistrate Judge Steven I. Locke on October 26, 2023 (A5). On November 28, 2021, Judge Locke issued his Report and Recommendation to dismiss with prejudice Counts 1 through 3, solely based on res judicata. ("R&R") (SPA1). Pursuant to HomeTeam's suggestion in its opposition brief (A746), Judge Locke recommended dismissal *without* prejudice Count 4 on ripeness grounds, because the criminal matter was (and is) still pending (SPA23).

On December 5, 2023, Home Team filed a timely Objection to the R&R (A767), asserting the following Objections: (1) Plaintiff's Petition was not dismissed on the merits and *res judicata* does not apply (A768), (2) Plaintiff's Petition was not a hybrid Article 78 proceeding and the §1983 claims could not have been brought in the Article 78 proceeding (A769), (3) The R&R ignored Plaintiff's argument and

21

reliance on reported Second Circuit Case, but relied instead on an unreported, non-precedential, summary order case (A771). Given that the Magistrate Judge totally ignored HomeTeam's arguments based on *Davidson* (i.e., as to the Petition being handled as a pure Article 78 proceeding and not a hybrid or plenary matter), HomeTeam's Objection summarized the relevant arguments made in its brief in opposition to Defendants Motion To Dismiss, and referred the court to its brief for the full argument with supporting authority (A771).

Defendants did not file any response to HomeTeam's Objection.

On March 13, 2024, District Judge Joanna Seybert issued her Memorandum and Order Adopting Report And Recommendation (SPA25) granting the Motion and dismissing with prejudice Counts 1 through 3 **solely on res judicata grounds**, and dismissing Count 4 without prejudice (SPA34-37).

HomeTeam filed a timely Notice of Appeal on April 11, 2024 (A774) as to Counts 1, 2 and 3.

**C.    <u>Rulings Presented For Review</u>**

The Magistrate Judge issued a R&R which found that (i) the Article 78 proceeding was an adjudication on the merits (SPA17), (ii) the district court action involves the same parties or those in privity with the parties to the Article 78 Petition (SPA18), and (iii) Counts 1 through 3 could have been brought in the Article 78 Petition (SPA18). On this point, the Magistrate Judge erroneously determined that

22

the full measure of relief was available to Home Team in the Article 78 Petition,

relying upon, and quoting from *Colon v. Coughlin*, 58 F.3d 865, 870 n.3 (2d Cir.

1995), *abrogated on other grounds by Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir.

2020). The Magistrate Judge wrote:

> And while generally *res judicata* "does not operate to bar
> a § 1983 suit following the resolution of an Article 78
> proceeding, since the full measure of relief available in
> the former action is not" (*Colon* cite omitted*)* this rule
> does not apply to hybrid state court proceedings like the
> one at issue here where: (1) Home Team sought both
> Article 78 relief and other forms of relief that are not
> available in a pure Article 78 proceeding, and (2) the
> state court addressed the non-Article 78 claims on their
> merits. *See Corbett v. City of New York*, 816 F. App'x
> 551, 554 (2d Cir. 2020); *Sheffield v. Sheriff of Rockland
> Cnty. Sheriff Dep't*, 393 F. App'x 808, 812 (2d Cir. 2010)
> (holding that *res judicata* applied to a proceeding that
> sought both Article 78 relief and damages pursuant to
> Title VII). Here, Plaintiff's original petition sought both
> Article 78 and declaratory and injunctive relief, which
> are not available in a pure Article 78 proceeding. *See
> Corbett,* 816 Fed. App'x at 554.  (SPA18-19)

Critically, the Magistrate Judge completely ignored HomeTeam's

central argument and the case citations of *Davidson v. Capuano*, 792 F.2d 275, 280

(2d Cir. 1986) *and Northern Assurance Company of America v. Square D Company*,

201 F.3d 84 (2d Cir. 2000), in support thereof.  Instead, the Magistrate Judge adopted

the Town's contrary legal argument based on the unreported and non-precedential

summary order case of Corbett v. City of New York, 816 F. App'x 551 (2d Cir.

2020).

23

Had the Magistrate Judge considered the arguments and case authority presented by HomeTeam and examined how the state court judge actually treated the Article 78 proceeding, he should have determined that the state court judge handled that matter as a pure Article 78 proceeding, as this court later held in *Whitfield v. City of New York*, 96 F.4th 504 (2d Cir. 2024). The *Whitfield* case draws on the very case that HomeTeam presented to the Magistrate Judge, but which he ignored (*Davidson*).

The Magistrate Judge concluded that Counts 1 through 3 of the district court Complaint were barred by res judicata and that these Counts should be dismissed with prejudice (SPA15). The sole basis for recommending dismissal of Counts 1 through 3 was res judicata.

The District Judge adopted the R&R and focused on the filing of the Article 78 Petition, rather than the handling of the proceeding matter by the state court judge, ruling:

> The Article 78 Proceeding became a "hybrid" proceeding **when**, in addition to ***seeking*** injunctive relief under Article 78, Plaintiff ***sought*** declaratory and injunctive relief concerning the constitutionality of Town Code § 255-10-25 [citations omitted].
>
> (SPA34, emphasis added.)

24

The District Judge continued, paying mere lip-service to "hybrid-proceeding", but providing no supporting analysis for how the matter was actually handled, while again emphasizing that the proceeding was commenced as a hybrid proceed:

> Although it may be true the Article 78 Proceeding was not "officially" designated as a "hybrid" proceeding, ***because Plaintiff sought*** declaratory and injunctive relief for claims that, in Plaintiff's own words, were "non-Article 78 matters, ***and such matters were addressed on the merits by the presiding judge, the Article 78 Proceeding was properly considered a hybrid proceeding.***"

> (SPA34, emphasis added.)

The District Judge concluded, without conducting examining how the proceeding was actually handled, that Judge Baisley "addressed all of Plaintiff's claims" simply because Judge Baisley said so, in conclusory fashion:

> Judge Baisley's Order dismissing Plaintiff's claims in the Article 78 Proceeding ***made clear he had addressed all of Plaintiff's claims***, including the non-Article 78 claims. (Exhibit I, ECF No. 16-13, attached to Gross Decl. (stating Plaintiff's "***remaining contentions need not be addressed or are without merit***").)

> (SPA35, emphasis added.)

Judge Baisley dismissed the entire matter without even mentioning HomeTeam's proposed section 1983 claim or proposed declaratory judgment claim regarding Code § 102-12, that his basis for dismissal was based on mandamus/Article 78 law and constraints. He provides no analysis as to whether

25

the other non-Article 78 proposed claims (either in the Petition or the proposed amended petition) should have been allowed under the liberal pleading rules as part of a plenary or hybrid proceeding. Had the state court case been handled as a plenary matter, the section 1983 claims would have been allowed. Neither the Magistrate Judge or District Judge conducted any analysis as to whether Judge Baisley actually handled any aspect of the case in any manner other than a summary proceeding.

As discussed below, among the errors made by both the Magistrate Judge and District Judge (SPA19-20, and SPA34, respectively) is that they confuse and conflate the distinction between the *filing* of a hybrid Article 78 proceeding on the one hand, ***and the court's handling of the matter as a hybrid proceeding*** or converting it a plenary matter, on the other. Here, HomeTeam filed a Petition for Article 78 relief and Complaint for declaratory relief under the procedures for Article 78 as a special proceeding upon verified pleading and Order To Show Cause, which is a summary proceeding, and the court neither entered an order converting the matter as a plenary matter (in which the parties are entitled to full discovery and due process), nor handled the matter as anything but an Article 78/mandamus, summary proceeding.

## SUMMARY OF THE ARGUMENT

The sole basis of the district court's granting of Defendants' Motion To Dismiss was res judicata. In doing so, the district court failed to apply the correct legal standard to determine whether the state court proceeding was handled as a "pure" or "hybrid" Article 78 proceeding, and thereby, incorrectly determined the state court adjudication is a bar to HomeTeam's district court claims (Counts 1 through 3) for violation of section 1983.

The Magistrate Judge's R&R totally ignored HomeTeam's central argument and its citation of reported Second Circuit case of *Davidson*, which was the controlling law on the issue. Although the District Judge addressed HomeTeam's *Davidson* argument asserted in its Objection to the R&R, he misapplied the caselaw and adopted the R&R in totality. Two days after the district court issued its Memorandum and Order, this court published its *Whitfield* opinion, which greatly amplified the law controlling the exact issue before the district court. Under Whitfield, especially with the announcement of a legal presumption that a case which starts as an Article 78 special proceeding, remains so unless there is evidence to the contrary, and the similarity of procedural posture of the two cases (*Whitfield* and *Home Team*), leaves no doubt that Judge Baisely handled HomeTeam's Article 78 Petition as a "pure" Article 78 proceeding, and thus, is not a res judicata bar.

As in *Whitfield,* the District Judge incorrectly relied on Judge Baisley's use of magic words "on the merits" or that petitioner's claims were "without merit", without conducting analysis as required by *Davidson*, and now, *Whitfield*. Both district court judges erred by focusing on the hybrid relief ***sought*** in the petitioners' Article 78 petitions and amendments, rather than how those petitions were actually ***handled*** by the state court judges.

In both the *Whitfield* and *Home Team* cases, the petitioners sought section 1983 claims in the Article 78 proceedings. HomeTeam had sought section 1983 claims through a motion for leave to amend its Article 78 Petition, which was denied without any discussion whatsoever by Judge Baisley. Denial of HomeTeam's first motion for leave to amend its pleading early in the case (which if handled as a plenary manner would have been freely granted), is evidence that Judge Baisley was limiting his handling of the case as a pure Article 78 proceeding, especially with the several references in his opinion to Article 78 and mandamus law. Additionally, Judge Baisley's sua sponte dismissal of the entire proceeding without any dispositive motion pending and without any notice to HomeTeam that he was considering final disposition, are further evidence that Judge Baisley was handling the matter as purely a special (summary) proceeding pursuant to Article 78.

As explained in *Whitfield* and *Davidson,* because a court presiding over a pure Article 78 special proceeding is jurisdictionally limited as to the relief it can grant,

a later-filed section 1983 action in federal court will not be barred even if based on the same transactional facts, because the full measure of relief available in a section 1983 suit is not available in an Article 78 proceeding. Accordingly, HomeTeam should not be precluded from bringing it section 1983 claims in federal court.

## STANDARD OF REVIEW

The Court of Appeals reviews *de novo* a district court's dismissal for failure to state a claim accepting all factual allegations in the complaint as true. Fed R. Civ. P 12(b)(6). *Absolute Activist Value Master Fund Ltd. v. Ficeto,* 677 F.3d 60 (2nd Cir. 2012); *see*, *Whitfield v. City of New York*, 96 F.4th 504, 512 (2d Cir. 2024).

## LEGAL ARGUMENT

**POINT I**          **THE DISTRICT COURT ERRED BY RULING *RES JUDICATA* BARS HOMETEAM'S CLAIMS.**

**A.**     **The Sole Basis of Dismissal Of Counts 1 Through 3 Was Res Judicata**

The Magistrate Judge erred by failing to apply the cases and arguments of HomeTeam based on *Davidson* and *Northern Insurance*, and recommending dismissal of Counts 1 through 3 based on *res judicata.* Although the District Judge addressed Home Team's objections to the R&R based on *Davidson* and *Northern Insurance*, the District Judge erred by misapplying the cases and adopting the R&R

29

in its entirety. The District Court concluded that the first three Counts of the Complaint were barred by *res judicata.* Accordingly, the District Judge dismissed the first three Counts with prejudice based solely on *res judicata.* Count Four was correctly dismissed without prejudice based ripeness (SPA34-37).

**B.  The District Court Erred By Misapplying *Davidson* And *Northern Assurance***

The District Court erred by failing correctly apply *Davidson v. Capuano*, 792 F.2d 275, 280 (2d Cir. 1986) and *Northern Assurance Company of America v. Square D Company*, 201 F.3d 84 (2d Cir. 2000) as urged by HomeTeam. In his R&R, the Magistrate Judge totally ignored HomeTeam's citations to these cases its central arguments based thereon by not even mentioning HomeTeam's the cases or HomeTeam's central arguments based thereon. Instead, the Magistrate Judge adopted the Town's contrary legal argument based on the case of Corbett v. City of New York, 816 F. App'x 551 (2d Cir. 2020), which is an unreported summary order case, without any precedential value.

In adopting the R&R, the District Judge addressed the cases and arguments advanced by HomeTeam in its Objection to R&R relying on *Davidson* and *Northern Assurance,* but misapplied the rulings and concluded that res judicata was a bar.

**C.  *Whitfield and Davidson are Controlling.***

Two days after the District Judge entered her Memorandum and Order on March 13, 2024, the Second Circuit issued its opinion in *Whitfield v. City of New*

30

*York*, 96 F.4th 504 (2d Cir. 2024), which relied extensively on *Davidson*. Both *Whitfield* and *Davidson* support reversal of the district court and vacation of the Judgment as to dismissal of Counts 1 through 3.

In *Whitfield*, the *pro se* plaintiff filed a verified petition seeking Article 78 relief in connection with a failure of City of New York agency to hire him. Whitfield sought back pay and an order directing the agency to hire him, as well as compensatory damages for alleged constitutional violations, defamation, and emotional pain and suffering. The state court judge denied Whitfield's petition and dismissed the proceeding. *Whitfield*, 96 F.4th at 511-12.

After he filed his Article 78 proceeding but before the State Supreme Court had rendered its decision, Whitfield had filed a federal complaint in the Southern District against the City of New York and individual defendants, seeking, through a motion to amend complaint, *inter alia* claims for Section 1983 arising out of alleged violation of constitutional rights, requesting damages, including for emotional distress, compensatory and consequential damages. Defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and the district court granted the motion solely on *res judicata* grounds. *Whitfield*, 96 F.4th at 517.

The Whitfield panel carefully analyzed New York Article 78 procedure and federal res judicata principles. The *Whitfield* succinctly explained the nature of an Article 78 special proceeding and how it is distinguished from a plenary action:

31

Article 78 proceedings differ further from plenary civil actions in that Article 78 proceedings are characterized by a limited and expedited "summary procedure." *Coma Realty Corp. v. Davis*, 200 A.D.3d 975, 161 N.Y.S.3d 125, 128, (2d Dep't 2021); *see also Davidson v. Capuano*, 792 F.2d 275, 280 (2d Cir. 1986) (Article 78 proceedings are meant to ensure "a speedy correction of improper action by a body or officer" (internal quotation marks omitted)).[8] For example, an Article 78 petitioner "is not entitled to discovery as of right, but must seek leave of court pursuant to CPLR 408." *Johnson v. Annucci*, 208 A.D.3d 1403, 174 N.Y.S.3d 148, 150 (3d Dep't 2022).[9] In an Article 78 proceeding, no party may be joined or impleaded, and no third-party practice or intervention is allowed, without leave of the court. CPLR 401, 7802(d); *Davidson*, 792 F.2d at 280. If in an Article 78 proceeding a triable issue of fact is raised, it must be tried "forthwith," CPLR 7804(h), meaning that the proceeding is entitled to a "special trial preference" on the court's calendar, Siegel § 569. These and other summary aspects reflect the purposes that, we have recognized, Article 78 is designed to serve: "an Article 78 petitioner often needs immediate relief such as release from confinement, reinstatement of employment, or reinstatement of a terminated license." *Davidson*, 792 F.2d at 280.

*Whitfield* 96 F.4th At 520.

Under similar procedural circumstances, the *Whitfield* panel decided the same legal issues as presented in the case *sub judice*. HomeTeam commenced the state court matter as a Verified Article 78 Petition and Complaint (A186) by Order To Show Cause (A233) as a special proceeding pursuant to CPLR § 7804, which is a summary proceeding. In *Whitfield* the court was tasked to decide whether Whitfield's Article 78 petition was a "pure" or "hybrid" Article 78 proceeding,

*Whitfield*, 96 F.4th at 511, 522, and if the former, whether the state court proceeding would act as a bar to Whitfield's later filed federal court Section 1983 action under the principles of *res judicata*. *Whitfield*, 96 F.4th at 511, 522-27.

Moreover, the district judge in *Whitfield* made the same mistakes in analyzing "pure" vs. "hybrid" proceeding as did the District Judge here, namely that the Article 78 matter was a hybrid proceeding merely because it was filed that way (seeking damages beyond that cognizable by Article 78), and merely because the state court judge said he was dismissing Whitfield's petition "on the merits". *Whitfield*, 96 F.4th at 517-18. Likewise, here, the District Judge mistakenly relied on the mere fact that HomeTeam's Petition became hybrid "**when**" HomeTeam "**sought**" both Article 78 and non-Article 78 relief ("The Article 78 Proceeding became a 'hybrid' proceeding *when*, in addition to seeking injunctive relief under Article 78, Plaintiff *sought* declaratory and injunctive relief concerning the constitutionality of Town Code § 255-10-25." (A34, emphasis added.)

Here, the District Judge below also erred when she concluded that Judge Baisley's decision was on the merits merely because Judge Baisley said in his Opinion and Order that the dismissal was "on the merits" and HomeTeam's claims were "without merit" (SPA32-33, 34, 36, 43). Both the *Whitfield* and HomeTeam district courts incorrectly determined that the claims in the federal action either were

33

or could have been raised in the state court proceeding and that principles of res judicata required dismissal. *Whitfield*, 96 F.4th at 517-18, (SPA36).

In *Whitfield*, the panel ruled that it was mistake for the district court there to conclude the Article 78 proceeding was on the merits, merely because the state court judge said so ("the district court emphasized, the state court wrote that it dismissed Whitfield's petition 'on the merits.' .... We do not think this language establishes that the state court conducted a hybrid proceeding." *Whitfield,* 96 F. 4th at 533. Additionally, the *Whitfield* court emphasized that it's not how the proceeding starts that determines whether it is a "pure" or "hybrid" Article 78 matter, but how the state court judge treats the matter.

The *Whitfield* appellate panel ruled that the district court erred by concluding the Article 78 proceeding was hybrid and that *res judicata* was a bar. The court held that the state court's adjudication:

> never described the proceeding as a hybrid proceeding. It denied the "petition" and dismissed "the proceeding"—all language suited to Article 78. It never entered an order converting the proceeding. And it did not explicitly address any of Whitfield's plenary damages claims. Accordingly, Whitfield's state court proceeding is properly characterized as a pure Article 78 proceeding. The state court therefore lacked "the power to award the full measure of relief" Whitfield seeks in this litigation, Davidson, 792 F.2d at 278s, and the district court erred by dismissing Whitfield's amended complaint on res judicata grounds.

*Whitfield*, 96 F. 4th at 534.

34

The court vacated the judgment. *Id.* The same outcome should result here as to Counts 1 through 3.

Here, Judge Baisely did not convert the matter to a plenary action, did not proceed as a hybrid case because no part of the case received plenary procedural treatment, and did not sever the claims. The state court did not "proceed on separate procedural tracks" – one summary, for the Article 78 relief, and one plenary for the non-Article 78 claims. (*see Whitfield* 96 F.4th at 526; Coma Realty Corp. v. Davis, 200 A.D.3d 975, 161 N.Y.S.3d 125, 128, (2d Dep't 2021)). The state court simply denied HomeTeam's Motion to Amend Petition and Complaint, and *sua sponte* dismissed the entire proceeding. As the *Whitfield* court observed:

> The state court's power to award plenary relief is not limited in a hybrid Article 78 proceeding and damages action. In a hybrid proceeding, the petitioner is free to pursue Article 78 claims and plenary claims for damages; the claims simply proceed on separate procedural tracks. See *Coma Realty Corp.*, 161 N.Y.S.3d at 128. Thus, res judicata applies and precludes the petitioner from getting another bite at the apple.

> *Whitfield* 96 F.4th at 526.

The distinction in the case *sub judice* is that here, the state court did not exercise its discretionary power to proceed in a hybrid fashion. HomeTeam was never "free to pursue…plenary claims for damages", because Judge Baisley

dismissed the entire proceeding and did not "simply proceed on separate procedural tracks."

Critically, the state court judge's handling of the case fails the second prong of the test adopted by *Whitfield* (96 F.4th at 526), because Judge Baisley clearly did not treat the proceeding as a hybrid one; the state court did not take "affirmative action demonstrating that it adjudicated the proceeding as a hybrid one. *Whitfield*, 96 F.4th at 527.

The Whitfield court amplified the holding in *Davidson,* by announcing a **presumption** that a proceeding that includes Article 78 relief is a "pure Article 78 proceeding", and that "claim preclusion should apply ***only if the state court left no doubt that it adjudicated the proceeding as a hybrid one.***" *Whitfield*, 96 F.4th at 527., n. 20)(emphasis added). Here, there is no doubt that Judge Baisley failed to treat any aspect of the proceeding as plenary, no doubt that he failed to sever the non-Article 78 claims or requests for relief, and no doubt that he failed to enter any order of conversion. Because the state court did none of these things, the district court should have determined that state court matter to be a pure Article 78 matter, and should not have barred the instant action under principles of *res judicata*. *See, Whitfield*, 96 F.4th at 527-528

**D.  Motion Seeking Leave To Amend Prior Action Is Irrelevant To Res Judicata Analysis.**

The fact that Home Team sought to amend the Article 78 action to include a claim that is later the subject of a district court action is irrelevant to the res judicata analysis.  As explained by the Second Circuit in *Curtis v. Citibank, N.A.*, 226 F.3d 133 (2nd Cir. 2000):

> But when a plaintiff's motion to amend the complaint is denied and the plaintiff subsequently brings the amendments as a separate lawsuit, ***"it is not the actual decision to deny leave to amend that forms the basis of the bar.... In fact, the actual decision denying leave to amend is irrelevant to the claim preclusion analysis."*** *Northern Assurance,* 201 F.3d at 88; *see also Integrated Techs., Inc. v. Beachem Immunosystems, (U.S.) Inc.,* 2 F.Supp.2d 97, 101 n. 5 (D.Mass.1998) . Rather, ***the normal claim preclusion analysis applies*** and the court must assess whether the second suit raises issues that should have been brought in the first. As explained above, some of the *Curtis II* claims could not have been brought in *Curtis I.*

*Curtis*, 226 F.3d at 139-140 (emphasis added).

The *Curtis* court relied upon a Second Circuit case decided earlier in the year, *Northern Assur. Co. of America v. Square D Co.,* 201 F.3d 84 (2nd Cir. 2000).  The *Northern Assurance* case held that, even though the district court denied plaintiff's motion to amend, claim preclusion would not apply.  In that case, the motion to amend sought to add a party (Square D), and the court held that res judicata would not bar a subsequent action against that entity which was not a party to the first suit. *Northern Assurance*, 201 F.3d at 87. Similarly, in the instant action, Defendants

37

Michael Sendlenski and Thomas Talmage were not parties to the first suit. Pursuant to the holding in *Northern Assurance*, the fact that the Home Team's motion to amend sought to add parties, and was denied by the court, has "no bearing" on the claim preclusion analysis. *Northern Assurance*, 201 F.3d at 88.

Second Circuit was quite clear in both the *Northern Assurance* and *Curtis* cases that the actual adjudication denying a motion to amend has "no bearing either way" and is "irrelevant", as to the claim preclusion analysis. *Northern Assurance,* 201 F.3d at 88, *Curtis*; 226 F.3d at 139; (emphasis added). "."). "The claims will be barred through the normal rule barring claims that should have been brought, regardless of whether the plaintiff seeks to add them to the initial suit". *Northern Assurance,* 201 F.3d at 88.

It is noted that a Massachusetts district court case cited by *Northern Assurance*, made a distinction that the court should look at whether dismissal of the motion to the amend was based on the ***"actual merits"*** (*Northern Assurance*, 201 F.3d at 88 (emphasis added), citing *Integrated Technologies Ltd. v. Biochem Immunosystems (U.S.)*, 2 F. Supp. 2d 97, 103 (D.Mass. 1998), but neither *Curtis* nor *Northern Assurance* adopted this qualification. As discussed above, even if such were the test, in the case of HomeTeam, it is clear the denial of the motion to amend was not based on the "actual merits",

38

**E.** **Judge Baisley's Denial of Motion For Leave To Amend Is Evidence Of "Pure" Article 78 Proceeding.**

Notwithstanding that the making of the Motion For Leave To Amend is not generally relevant to a *res judicata* analysis, in this particular case, the denial of the motion is evidence that the state court proceeding was being handled as one with limited jurisdiction, pursuant to Article 78, and that it was not being treated as a plenary matter. Judge Baisley did not even mention, much less articulate any reason why the section 1983 amendment should not be allowed, and instead, not only deny the entire 10-Count proposed amended Petition, but *sua sponte* dismissed the whole Petition.

**F.** **Judge Baisley Dismissal Was Not Based On The Merits.**

Not a single word in Judge Baisley's Opinion was devoted to Home Team's (i) proposed § 1983 claim, (ii) declaratory judgment claim pertaining to Town Code § 102-12, (iii) monetary damages, or (iv) adding party-defendants Michael Sendlenski or Thomas Talmage. Indeed, no mention was made of CPLR 7806, and its requirement that the damages sought in an Article 78 proceeding must be "incidental to the primary relief sought". CPLR § 7806; *see also Davidson v. Capuano*, 792 F.2d 275, 282 (2nd Cir. 1986), Clearly, Judge Baisley did not address the substance of any of these proposed claims and individual defendants, which are now actual claims and parties before this court. As such Judge Baisley's decision was not based on the "actual merits" of Home Team's proposed amended Petition.

39

**G.** **The Claims In The Complaint Could Not Have Been Brought In The Previous Summary Proceeding.**

HomeTeam concedes that for res judicata purposes, both the current action and previous special proceeding are based on the same set of transactional facts. In any event, as discussed below, the Second Circuit has determined that such civil rights claims could not have been brought in the previous proceeding. Additionally, Defendants should be equitably estopped from arguing that the claims could have been brought in the prior proceeding.

**1.** **Civil Rights Actions Are Per Se Not Subject To Claim Preclusion Based On Same Facts Being Litigated In A Prior Article 78 Special Proceeding.**

As to the question of whether Home Team "could have brought" the claim in the prior Article 78 proceeding, the Second Circuit has already answered such questions in the negative. In *Davidson v. Capuano*, 792 F.2d 275 (2nd Cir. 1986), a state prisoner brought federal civil rights action under 42 U.S.C. § 1983, based on the same facts upon which he had earlier brought state proceeding under Article 78. The district court (S.D.N.Y.) dismissed the action based on res judicata. The Second Circuit reversed, holding that damages sought by state prisoner in his federal action were not incidental to primary relief prisoner had sought in state Article 78 proceeding and, thus, could not have been awarded under New York law. The Court, therefore held, that the prisoner's federal action was not barred by res judicata, even though each action was based on the same facts. *Davidson,* 792 F.2d 275.

40

Similarly, the monetary relief which Home Team seeks in this federal action for money damages and attorneys' fees were not capable of being recovered in the Article 78 special proceeding, as they were not incidental to the proceeding. As the *Davidson* court held, under New York law, civil rights damages are not properly characterized as incidental to the primary relief sought in the Article 78 proceeding, and therefore a subsequent civil rights claim for damages, whether brought in New York State court, or federal court, would not be barred by res judicata. *Davidson*, 792 F.2d at 282.

Moreover, no monetary relief, including money damages or attorneys' fees and costs were sought by Home Team in the original filed Petition. It was only through the proposed amended complaint, in Count 10 (§ 1983), that monetary damages were sought for constitutional violations of civil rights.

The Davidson panel relied on Restatement (Second) of Judgments, § 26(1)(c) comment c (1982), stating:

> Where "formal barriers" to asserting a claim existed in the first forum it would be "unfair to preclude [the plaintiff] from a second action in which he can present those phases of the claim which he was disabled from presenting in the first."

*Davidson*, 792 F.2d at 278, quoting on Restatement (Second) of Judgments, § 26(1)(c) comment c (1982).

The *Davidson* court held that the § 1983 claim was based on the same cause of action as the Article 78 proceeding, notwithstanding that the theory of recovery

41

is different. However, due to the limitations of CPLR § 7806, the damages sought in § 1983 action are not recoverable in an Article 78 action. Davidson, 792 F.2d at 278-279; *see D.B.C.G. v. Town of Ramapo*, 99 A.D.2d 502, 502–03, (2d Dep't 1984) (claim seeking damages under New York State Civil Rights law is not properly interposed in Article 78 proceeding).

The *Davidson* opinion was supported by "role and purpose" of the Article 78 "special proceeding", which is a summary in nature, observing:

> A special proceeding, of which a proceeding brought pursuant to Article 78 is a particular type, is a form for litigating a case that differs from a civil action in several ways. The special proceeding is designed to facilitate a "summary disposition" of the issues presented, CPLR § 401 (McKinney 1972) Practice Commentary at 477, and has been described as "a fast and cheap way to implement a right" that is "as plenary as an action, culminating in a judgment, but is brought on with the ease, speed and inexpensiveness of a mere motion," D. Siegel, *Handbook on New York Practice* 764 (1978) [hereinafter cited as Siegel]. Accordingly, procedures in a special proceeding are designed to further its summary nature.

The court recognized that of paramount importance is that because an Article 78 court has discretion to convert or sever non-Article 78 claims to an action at law, but is not compelled to do so by CPRL § 103(c), requires that a civil rights claims not be barred by the earlier Article 78 proceeding. *Davidson*, 792 F.2d at 281. The court held that because a state court's conversion to a plenary action of claims which could not be adjudicated pursuant to Article 78 is discretionary, it would be *"unfair and illogical"* for such claims to be later barred by res judicata in a subsequent

42

action. *Davidson*, 792 F.2d at 281. (emphasis added) .

The *Davidson* court noted that such discretion is rarely if ever exercised, by New York courts in cases where a civil rights claim for monetary damages was joined with a claim that was properly raised in an Article 78 proceeding and was severed out and converted into an action at law. The *Davidson* court stated:

> In sum, we are unwilling on facts such as those before us today to base a "could have been litigated" preclusion decision on *a discretionary power that has rarely, if ever, been exercised* by a New York court, and our holding that this civil rights suit is not barred by principles of res judicata is unaltered by the conversion provision of section 103(c).

*Davidson,* 792 F.2d at 281 (emphasis added).

The panel in *Davidson,* saw no conflict with the Second Circuit's decision one year earlier in Collard v. Incorporated Village of Flower Hill, 759 F.2d 205 (1985), aff'g, 604 F. Supp. 1318 (E.D.N.Y.1984), cert. denied, 474 U.S. 827 (1985), emphasizing that:

> no question was raised either in the district court or on appeal in *Collard of whether civil rights damages were recoverable in the earlier Article 78 proceeding*, and the issue of *whether the claimed damages would have been incidental to the primary relief sought in the earlier Article 78 proceeding was not before the Collard panel*.

*Davidson,* 792 F.2d at 282 (emphasis added).

The Second Circuit cases of *Whitefield* and *Davidson* control the outcome in this case. As in those cases, here, the HomeTeam first brought an Article 78 proceeding in state court, and then brought an § 1983 case in federal court.

**2.** **Home Team's Attempt To Bring The § 1983 Claims in the prior proceeding and Being Prevented By The Court is Conclusive That Said Claims Could <u>Not</u> Have Been Brought**

The record is clear that Home Team did, in fact, try to bring the §1983 claims in the Article 78 proceeding, but was prevented from doing so by the Suffolk County Court. It would be a perverse sense of justice if the this court would bar Home Team from bringing such claims on the basis that such claims "could have been brought", **_when, in fact it has been proven that such claims could NOT have been brought in the previous proceeding because Judge Baisley so ruled._**

Moreover, the defendants in that action (three of which are defendants in this action – The Town, Scicolone and Glennon) **<u>opposed Home Team's efforts to add the § 1983 claim</u>**. (*See*, e.g., Defendants' Affirmation in Opposition to Home Team's Motion To Amend, (A698). Beyond being disingenuous, Defendants should be estopped from now arguing that Home Team could have brought the claims in that proceeding.

## **CONCLUSION**

For the forgoing reasons, the court should reverse the district court and vacate the judgment as to dismissal of Counts 1 to 3 and remand the matter for further proceedings.   However, the court should affirm dismissal ***without prejudice*** of Count 4.


Respectfully submitted,

Hartman & Winnicki, P.C.

Dated: July 2, 2024          By: _s/Richard L. Ravin_
                             Richard L. Ravin, Esq.
                             Hartman & Winnicki, P.C.
                             74 Passaic Street
                             Ridgewood, NJ 07450
                             Phone: 201-967-8040
                             Fax: 201-967-0590
                             E-Mail: Rick@Ravin.com
                             *Attorneys for Plaintiff-Appellant*
                             *Home Team 668, LLC*

## CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(a)

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 10,617 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in the Times New Roman font, size 14.

Dated: July 2, 2024         By: *s/Richard L. Ravin*
                           Richard L. Ravin, Esq.
                           Hartman & Winnicki, P.C.
                           74 Passaic Street
                           Ridgewood, NJ 07450
                           Phone: 201-967-8040
                           Fax: 201-967-0590
                           E-Mail: Rick@Ravin.com
                           *Attorneys for Plaintiff-Appellant*
                           *Home Team 668, LLC*

# SPECIAL APPENDIX

**SPECIAL APPENDIX**

**TABLE OF CONTENTS**

| Date | Description | Page No. |
|---|---|---|
| November 28, 2023 | Report and Recommendation of The Honorable Steven I Locke, U.S.M.J., recommending the Court to dismiss Counts 1-3 of the Complaint with prejudice and dismiss Count 4 of the Complaint without prejudice (ECF 27). | SPA-1 |
| March 13, 2024 | Memorandum And Order of The Honorable Joanna Seybert, U.S.D.J. dismissing the case pursuant to Fed. R. Civ. P. 12(b)(6) (ECF 29) | SPA-25 |
| March 13, 2024 | Judgment entered by Clerk | SPA-38 |
| May 14, 2020, | Order and opinion of the Supreme Court of New York, issued by The Honorable Paul J. Baisley, Jr., J.S.C., denying Plaintiff's Motion To Amend pleadings, resulting in *sua sponte* dismissal of Article 78 proceeding in its entirety without notice to Plaintiff that the court was considering disposition of the case. | SPA-39 |
| July 1, 2003 | New York Law §267-a. Board of Appeals procedure, NY Town §267-a6 | SPA-44 |
| August 24, 2018 | Town of East Hampton, NY Code Chapter 255. Zoning Article X. Enforcement §255-10-25. No stay upon appeal. | SPA-45 |
| March 29, 2019 | Repeal of East Hampton Town Code 255-10-25 No Stay Upon Appeal (because the ordinance attempted to supersede NY Town Law 267-a6, which pre-empted the Town ordinance) | SPA-46 |
| July 16, 2018 | Town of East Hampton, NY Code, Chapter 102. Building Construction, Article I. Building Construction § 102-12. Stop orders. | SPA-47 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
HOME TEAM 668 LLC,

                             Plaintiff,

      -against-

TOWN OF EAST HAMPTON, LINDA
SCICOLONE, ANN GLENNON, THOMAS
TALMAGE, and MICHAEL SENDLENSKI, *in
their official and individual capacities*,

                         Defendants.
-------------------------------------------------------------------x

**REPORT AND
RECOMMENDATION**
20-cv-5828 (JS)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

    Presently before the Court in this civil rights action brought pursuant to 42

U.S.C. § 1983 ("Section 1983"), on referral from the Honorable Joanna Seybert for

Report and Recommendation, is Defendants' Town of East Hampton ("East Hampton"

or the "Town"), Linda Scicolone ("Scicolone"), Ann Glennon ("Glennon"), Thomas

Talmage ("Talmage") and Michael Sendlenski ("Sendlenski," collectively,

"Defendants") motion to dismiss Plaintiff Home Team 668 LLC's ("Home Team" or

"Plaintiff") Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure ("Fed. R. Civ. P."). *See* Defendants' Motion to

Dismiss ("Defendant's Motion" or "Def. Mot."), Docket Entry ("DE") [15]. By way of

Complaint dated December 1, 2020, Plaintiff commenced this action asserting Section

1983 claims for violations of Home Team's: (1) Fourteenth Amendment procedural

due process rights, (2) Fourteenth Amendment substantive due process rights, (3)

Fourteenth Amendment equal protection rights, and (4) Sixth Amendment right to a

speedy trial. *See* Complaint ("Compl."), DE [1]. For the reasons set forth herein, the Court respectfully recommends that Defendants' Motion be granted and that Count 1, 2, and 3 of Plaintiff's Complaint be dismissed with prejudice and without leave to amend. The Court further recommends that Count 4 be dismissed without prejudice.

## I.  BACKGROUND

### A. Facts

Unless otherwise indicated, the facts set forth herein are taken from the Complaint and its exhibits, and are accepted as true for purposes of the instant motion. Plaintiff Home Team is a New York limited liability company and the owner of the property at issue in this case, located at 87 Euclid Avenue, Montauk, East Hampton, New York (the "Property"). Compl. ¶ 1. Defendant East Hampton is a municipality located in New York. *Id.* at ¶ 2. Defendant Scicolone is a resident of Holbrook, New York and an Ordinance Inspector for the Town Ordinance Enforcement Department ("OED"). *Id.* at ¶ 3. Defendant Glennon is a resident of East Hampton and the Department Head and Principal Building Inspector of the Town Building Department. *Id.* at ¶ 4. Defendant Talmage is a resident of Hampton Bays, New York and was the Town of East Hampton Engineer and a member of the Town Planning Department at the time of the events at issue. *Id.* at ¶ 5. Defendant Sendlenski is a resident of Suffolk County, New York and was the Town Attorney of the Town of East Hampton until in or around May 2019. *Id.* at ¶ 6.

### 1. Site Plan Approval and Initial Construction

Plaintiff was formed to purchase and develop a parcel of vacant land in the business district of the unincorporated hamlet of Montauk, located in the Town. *See*

2

*id.* at ¶ 10.  On June 18, 2015, Home Team submitted a Preliminary Site Plan Application (the "Preliminary Site Plan") to the Town Planning Board, seeking to develop a free-standing two-story building on the Property.  *Id.* at ¶ 11; *see* Ex. A to Compl.  The building was to be approximately 2,000 square feet, with the first floor to be used as an art gallery, retail store, or office space and the second floor as a two-bedroom apartment.  *See* Compl. ¶ 11.  Pursuant to the Preliminary Site Plan, the building was to be constructed towards the back of the lot, with adjacent parking, all on the same grade.  *Id.* at ¶ 12.

East Hampton's Planning Department required that the building be constructed towards the front of the lot and that the parking be located in front of the building along the municipal road right-of-way, to be consistent with neighboring buildings.  *See id.* at ¶ 13.  Plaintiff revised the Preliminary Site Plan accordingly, which was approved by the Town's Planning Department and adopted by the Planning Board on January 25, 2017.  *Id.* at ¶ 14; *see* Ex. B to Compl. (the "Amended Site Plan").  On August 7, 2017, Home Team received a building permit to construct a 2,000 square foot, two-story building on the Property consistent with the Amended Site Plan.  Compl. ¶ 15; *see* Ex. C to Compl. (Building Permit).  By early June of 2018, building was essentially completed, but for, *inter alia*, connection of the water main to the Suffolk County Water Authority and installation of the sidewalks, curbs and parking pavement.  *See* Compl. ¶ 16.

2.   <u>Discovery of Grading Issue and Construction of Concrete Ramp</u>

During construction on the parking area in June of 2018, Plaintiff discovered that due to the grading of the Property, a ramp from the parking area to the building's entrance needed to be installed to comply with the Americans with Disabilities Act (the "ADA").  *Id.* at ¶ 17.  While the Preliminary Site Plan had been ADA-compliant, the changes required under the Amended Site Plan resulted in the need to construct the access ramp.  *See id.* at ¶ 18.  The Town's Planning Department and Talmage, the Town Engineer, had not addressed the grading issue or the need to construct a ramp during the approval process for the Amended Site Plan.  *See id.* at ¶ 25.  Home Team thereafter constructed the parking area and access ramp using concrete, although the Amended Site Plan had called for the use of asphalt.  *See id.* at ¶¶ 19-20.  According to Plaintiff, there was no provision of the Town Code that required the use of asphalt over concrete.  *See id.* at ¶ 21.

3.   <u>Issuance of the Stop Work Order and Aftermath</u>

On June 28, 2018, when Home Team was nearing completion of construction on the Property, Glennon, the Town's Chief Building Inspector, instructed Scicolone, a Code Enforcement Officer, to issue a Stop Work Order ("SWO") to Plaintiff pursuant to Town Code § 102-12 due to the use of concrete rather than asphalt for the access ramp, handicap parking space, and two adjoining parking spaces.  *See id.* at ¶ 29. Town Code § 102-12 provides, in pertinent part:

> Whenever a Building Inspector . . . Director of Code Enforcement, or Town Public Safety Director has reasonable grounds to believe that work on any building or structure is being prosecuted in violation of the provisions of the applicable building laws, ordinances or regulations, or

4

not in conformity with the provisions of an application, plans, or specifications on the basis of which a building permit was issued, or in an unsafe and dangerous manner, he shall notify the owner of the property, or the owner's agent, or the person performing the work, to suspend all work, and any such persons shall forthwith stop such work and suspend all building activities until the stop order has been rescinded. Such order and notice shall be in writing, shall state the conditions under which the work may be resumed and may be served upon a person to whom it is directed either by delivering it personally to him or by posting the same upon a conspicuous portion of the building under construction and sending a copy of the same by registered mail to the owner of the property as listed on the assessment rolls.

East Hampton Town Code § 102-12.

The SWO provided that Home Team failed to comply with the New York State Building Code and § 255 of the Town Zoning Code and that "it was not proceeding in accordance with the filed plans and specifications." Compl. ¶ 38. Plaintiff alleges that the SWO did not describe what acts had violated the New York State Building Code, the Town Zoning Code or the Amended Site Plan or what work Home Team could undertake to ensure compliance and have the SWO rescinded. *See id.* at ¶¶ 40-41. Town building inspectors had witnessed the installation of the access ramp and parking area for eight days prior to the issuance of the SWO and had not objected to the use of concrete rather than asphalt. *See id.* at ¶ 59. According to Plaintiff, Talmage, the Town Engineer, owns an interest in a local asphalt supplier or asphalt-related business and directed his intern to inspect the Property on June 28, 2018, leading to the issuance of the SWO. *See id.* at ¶¶ 125, 128.

Home Team was not provided with notice of any violation of the Town Code or an opportunity to cure prior to the issuance of the SWO, nor does Town Code § 102-12 provide an opportunity for a hearing thereafter. *Id.* at ¶¶ 31-32, 36. Plaintiff

5

alleges that East Hampton's failure to provide notice and opportunity to cure was contrary to policies promulgated by the New York Department of State, Division of Local Government Services. *Id.* at ¶ 33; *see* Ex. D. to Compl. The SWO warned that failure to comply was "punishable by a fine of $1,000" and "[i]mprisonment for a period not to exceed 6 months." Compl. ¶ 45.

The SWO was posted on the building's front door on June 28, 2018 and mailed the next day via regular mail, rather than by registered mail as required by Town Code § 102-12. *See id.* at ¶ 46. Home Team learned of the SWO on June 29, 2018 when its agent visited the Property and after the remaining concrete for the parking area had been poured. *Id.* at ¶ 47. Plaintiff's contractors subsequently ceased work on the Property. *Id.* at ¶ 48. The SWO prohibited Home Team from proceeding with any work on the Property, including connecting the building to the Suffolk County Water Authority water main. *See id.* at ¶ 60.

Plaintiff met with Glennon to discuss the SWO on July 2, 2018, who refused to lift the SWO in whole or in part. *Id.* at ¶¶ 50, 52. That same day, Home Team and its counsel met with Sendlenski, the Town Attorney, to explain why it was necessary to use concrete rather than asphalt and that Plaintiff would seek to amend the Amended Site Plan if required. *See id.* at ¶ 53. That same day, Home Team submitted an amended site plan reflecting the use of concrete and the addition of the ramp to comply with the ADA (the "Second Amended Site Plan"). *Id.* at ¶ 50. At a time not specified in the Complaint, Plaintiff asked for permission to install the fire prevention sprinkler system and fire alarms as well as to complete certain work on

the heating and air conditioning systems (the "Safety Work"), despite the SWO. *See id.* at ¶ 62. Defendants denied Home Team's request. *Id.* at ¶ 63.

After the submission of the Second Amended Site Plan, East Hampton continually changed the conditions upon which the revised site plan would be approved, while Plaintiff met with various municipal officials to attempt to resolve the issue. *See id.* at ¶¶ 55-56. While the access ramp Home Team had constructed led from the parking area to the rear entrance to the building, Talmage insisted that a ramp be constructed to connect the parking area to the front entrance. *See id.* at ¶ 153. Talmage stated that it would be discriminatory to have persons with disabilities enter through the back door, rather than the front entrance. *Id.* at ¶ 155. Plaintiff contends that other buildings in the area were permitted to have ADA-compliant access ramps connected to back or side entrances. *Id.* at ¶¶ 153, 160. Specifically, a building located across the street from the Property at 88 South Euclid Avenue was constructed a year or two earlier, was of identical square footage and usage, and was permitted to have an ADA access ramp on the side of the building. *See id.* at ¶ 158; Ex. Q to Compl. In September 2018, Talmage and the Planning Board rejected Home Team's offer to relocate the entrance door of the building to the rear, thereby eliminating any perceived stigma associated with the location of the access ramp. Compl. ¶ 156. Rather, Defendants insisted that an access ramp be constructed at the front entrance of the building. *See id.* at ¶ 157.

4. <u>Criminal Proceedings Against Plaintiff</u>

On July 3, 2018 and July 18, 2018 respectively, Scicolone issued an "Appearance Ticket" and a misdemeanor criminal complaint asserting two counts against Plaintiff. *See id.* at ¶ 64; Ex. F to Compl. Count 1 charged Home Team with violating Town Code § 255-6-50(F)[1] by using concrete instead of asphalt in the parking area as indicated in the Amended Site Plan. *See* Ex. F to Compl. Count 2 alleged that Plaintiff violated Town Code § 102-21(B) when it continued the concrete work on the Property despite the SWO. *See id.* At the arraignment held on August 27, 2028, the court adjourned the matter to give Home Team an opportunity to seek approval of the Second Amended Site Plan from the Town Planning Board, with the consent of the prosecutor, Assistant Town Attorney NancyLynn Thiele ("Thiele"). Compl. ¶ 65. Thiele indicated that if the Town Planning Board approved the Second Amended Site Plan, the criminal charges would be dismissed. *Id.* at ¶ 66.

On November 7, 2018, the Town Planning Board approved the Second Amended Site Plan, which specified that concrete could be used in the construction of the parking lot. *See id.* at ¶ 78; Ex. H to Compl. Via email dated November 21, 2018, Home Team's counsel requested that Thiele dismiss the charges against Plaintiff based on the Town's approval of the Second Amended Site Plan, but Thiele refused. Compl. ¶¶ 80-81. On November 25, 2018, Home Team filed a motion to dismiss the criminal charges. *Id.* at ¶ 82. In support of its motion, Plaintiff alleged

---

[1] Town Code § 255-6-50(F) provides that "[a] site plan for which approval is sought shall be dated and include at least the following elements . . . (F) Layout of existing and proposed parking and loading areas." Ex. F to Compl.

8

that the complaining witness's probable cause statement failed to state whether the witness observed concrete being poured at the Property. *See id.* at 84.

The Town served a superseding misdemeanor complaint on Plaintiff on December 20, 2018 and December 21, 2018, which Home Team alleges suffers from the same deficiencies as the prior complaint. *See id.* at ¶ 92; Ex. K to Compl. Count 1 of the superseding complaint alleges that Plaintiff failed to adhere to the Amended Site Plan in violation of Town Code § 255-6-100(B).[2] *See* Ex. K to Compl. Count 2 asserts that Home Team failed to comply with Town Code § 102-21(B) by pouring concrete on June 30, 2018, two days after the SWO was issued. *See id.* Plaintiff pled not guilty to both counts on February 24, 2020. Compl. ¶ 271. As of the filing of the Complaint, no trial had been scheduled and the court had not ruled on Home Team's motion to dismiss. *See id.* at ¶ 272.

### 5.  Zoning Board of Appeals and Article 78 Proceedings

On August 24, 2018, Plaintiff filed an appeal with the Zoning Board of Appeals ("ZBA"), challenging the validity of the SWO. *See* Compl. ¶ 68; Ex. G to Compl. Home Team argued that the SWO was "improperly issued and served, facially defective, in violation of Plaintiff's due process rights" and that Scicolone improperly determined that the use of concrete was a violation of the Amended Site Plan. Compl. at ¶ 70. On November 8, 2018, Home Team learned that Scicolone had not forwarded her file

---

[2] Town Code § 255-6-100(B) states that "[i]t shall be a violation of this chapter . . . for any person to do any of the following . . . (B) Failure to adhere to site plan . . . . To alter or make improvements to property which has been the subject of a site plan approval without adhering to or following the approved site plan." Ex. K to Compl.

regarding the SWO to the ZBA, as required under § 267-a(5)(b)[3] of the New York
Town Law. *See id.* at ¶¶ 71-72. Scicolone ultimately transmitted her file to the ZBA
on February 1, 2019. *Id.* at ¶ 73.

Under § 267-a(6) of the New York Town Law, an appeal of a zoning board
decision operates as a stay of "all proceedings in furtherance of the action appealed
from" unless a stay would "cause imminent peril to life or property." N.Y. Town Law
§ 267-a(6). Home Team asserts that East Hampton Town Code § 255-10-25, which
provided that there shall be no stay of enforcement upon appeal of a zoning board
decision, was an attempt to override Town Law § 267-a(6) and a violation of the due
process rights guaranteed by the Constitution. Compl. ¶¶ 110-11. East Hampton
repealed Town Code § 255-10-25 on March 29, 2019. *Id.* at ¶ 114.

On November 14, 2018, Plaintiff filed a hybrid Article 78 Petition and
Complaint against East Hampton, Scicolone, Glennon, and the ZBA in the New York
State Supreme Court for Suffolk County (the "Article 78 Petition"), seeking the
termination of the SWO pursuant to NY CPLR §§ 7801-7806 ("Article 78"). *See id.* ¶
97. The Article 78 proceeding was hybrid because in addition to seeking Article 78
remedies, Home Team sought declaratory and injunctive relief regarding the
constitutionality of Town Code § 255-10-25 and the issuance of the SWO. *See* Ex. L
to Compl. (Article 78 Petition). Judge Joseph C. Pastoressa entered an order
temporarily enjoining Defendants from enforcing the SWO against Home Team

---

[3] Town Law § 267-a(5)(b) provides that upon the filing of an appeal of a zoning board action,
"[t]he administrative official from whom the appeal is taken shall forthwith transmit to the board of
appeals all the papers constituting the record upon which the action appealed from was taken." N.Y.
Town Law § 267-a(5)(b).

performing the Safety Work at the Property on November 20, 2018. *See id.* at ¶ 99. The next day, Glennon rescinded the SWO. *Id.* at ¶ 102.

The ZBA held a hearing on Plaintiff's appeal of the issuance of the SWO on February 5, 2019. *Id.* at ¶ 106. The Chairman of the ZBA determined that the appeal was moot because the SWO was rescinded, and on February 28, 2019, the ZBA issued a decision to that effect. *Id.* at ¶¶ 107-08. Home Team contends that the ZBA erred in finding its appeal moot given that the criminal charges against it were still pending and that the Town Code provision authorizing the issuance of the SWO, § 102-12, was unconstitutional. *See id.* at ¶ 109.

Home Team moved to amend and supplement its Article 78 Petition on May 31, 2019.[4] *See* Ex. G to Declaration of Felicia Gross in Support of Defendants' Motion ("Gross Decl."), DE [16]. Via the motion to amend, Plaintiff sought to add claims concerning the constitutionality of Town Code § 102-12, violations of its procedural and substantive due process and equal protection rights pursuant to Section 1983, and negligence. *See id.* at 19. On May 14, 2020, Judge Paul J. Baisely, Jr., dismissed Home Team's Article 78 Petition, holding that Plaintiff's claims for Article 78 relief were not ripe and that the declaratory judgment and injunctive relief claims were without merit. *See* Compl. ¶ 105; Ex. I to Gross Decl. Judge Baisely further denied Home Team's motion to amend the petition, concluding in relevant part:

> The claim challenging the propriety of the stop work order is without merit as the prosecution of the plaintiff's code violation is discretionary and not subject to *mandamus* relief. . . . Accordingly,

---

[4] The Court may take judicial notice of state court filings in deciding a motion to dismiss. *See Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).

>plaintiff/petitioner's motion to amend the pleadings is denied. . . . The
>plaintiff/petitioner's remaining contentions need not be addressed or are
>without merit.

Ex. I to Gross Decl. On June 5, 2020, Plaintiff took an appeal from this order, but
failed to perfect the appeal within the 60-day time limit. *See* Defendants'
Memorandum of Law in Support of Defendants' Motion ("Defendants' Memorandum"
or "Def. Mem."), DE [15-2], at 10, n. 3.

### B. **Procedural History**

As set forth above, Plaintiff commenced this action against Defendant by way
of Complaint dated December 1, 2020, asserting claims pursuant to Section 1983 and
seeking declaratory, injunctive and monetary relief. *See* Compl. Specifically, Home
Team seeks a declaration that: (1) the Town's custom and policy of issuing stop work
orders without a hearing or opportunity to be heard and (2) that Town Code § 102-
12, which authorizes the issuance of stop work orders, are both unconstitutional. *See*
*id.* at 49-50. Plaintiff further seeks an injunction: (3) preventing Defendants from
issuing stop work orders without providing due process, (4) requiring Defendants to
develop and institute a training program for its employees on the requirements of due
process, and (5) prohibiting Defendants from issuing stop work orders pursuant to
Town Code § 102-12 and enforcing such stop work orders. *See id.* The Complaint
also seeks compensatory damages and attorneys' fees and costs, pursuant to 42
U.S.C. § 1988. *See id.*

On January 28, 2021, Defendants filed a premotion conference request,
seeking to move to dismiss the Complaint in its entirety for failure to state a claim.

*See* DE [9].  In response, Home Team opposed Defendants' arguments, but agreed to dismiss without prejudice its claim for violation of its Sixth Amendment right to a speedy trial on the grounds that it is not ripe for review, given that the criminal matter against Plaintiff is still pending.  *See* DE [10].  On April 8, 2021, Defendants' Motion was filed, which Plaintiff opposed.  *See* Def. Mot; Plaintiff's Opposition to Defendants' Motion, ("Opposition" or "Opp."), DE [19].  Judge Seybert referred Defendants' Motion to this Court for Report and Recommendation on October 26, 2023.  *See* Order Referring Motion dated Oct. 26, 2023.  For the reasons set forth below, the Court respectfully recommends that Defendants' Motion be granted and that Counts 1, 2, and 3 of Plaintiff's Complaint be dismissed with prejudice and without leave to amend.  The Court further recommends that Count 4 be dismissed without prejudice.

## II.   LEGAL STANDARD

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1960 (2007)).  A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.   Nevertheless, a pleading "that offers only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting

*Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965).  "Nor does a complaint suffice if it

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting

*Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966).

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a court must

'accept all allegations in the complaint as true and draw all inferences in the non-

moving party's favor.'"  *U.S. ex rel. Siegel v. Roche Diagnostics Corp.*, 988 F. Supp. 2d

341, 343 (E.D.N.Y. 2013) (quoting *LaFaro v. N.Y. Cardiothoracic Grp.*, 570 F.3d 471,

475 (2d Cir. 2009)).  "[T]hreadbare recitals of the elements of a cause of action,"

however, that are supported by "conclusory" statements and mere speculation are

inadequate and subject to dismissal.  *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir.

2010) (internal quotation and citation omitted); *see Iqbal*, 556 U.S. at 678, 129 S. Ct.

at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained

in a complaint is inapplicable to legal conclusions.").

"The court's consideration on a motion under Fed. R. Civ. P. 12(b)(6) is limited

to the factual allegations in the complaint; documents incorporated by reference into

the complaint; matters of which judicial notice may be taken; and documents either

in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing

suit."  *Messina v. Mazzeo*, 854 F. Supp. 116, 128 (E.D.N.Y. 1994) (citing *Brass v.

American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)); *see Burton v. Am.

Fed'n of Gov't Employees (AFGE) 1988*, No. 11-cv-1416, 2012 WL 3580399, at *5

(E.D.N.Y. Aug. 17, 2012).  In considering a motion to dismiss based on *res judicata*,

the Court may take judicial notice of prior state court proceedings and filings.  *See*

*Jacobs v. Law Offices of Leonard N. Flamm*, No. 04-cv-7607, 2005 WL 1844642, at *3 (S.D.N.Y. July 29, 2005).

## III.  DISCUSSION

Defendants seek dismissal of the Complaint in its entirety, arguing that:  (1) Plaintiff's claims are barred by *res judicata* and collateral estoppel, (2) Plaintiff has failed to state any claim upon which relief can be granted, and (3) the individual Defendants are immune from suit under the doctrine of qualified immunity.  *See* Def. Mem. at 2.  For the reasons set forth below, the Court concludes that Plaintiff's procedural due process, substantive due process and equal protection claims are barred by *res judicata*.  Accordingly, the Court respectfully recommends that Defendants' Motion be granted with respect to Counts 1, 2 and 3 of Plaintiff's Complaint, and that those claims be dismissed with prejudice and without leave to amend.  Further, given that Home Team fails to state a claim for violation of the right to a speedy trial and Plaintiff has voluntarily agreed to dismiss that cause of action, the Court recommends that Count 4 be dismissed without prejudice.

### A.  <u>Counts 1, 2 and 3 are Barred by *Res Judicata*</u>

Defendants contend that each of Plaintiff's claims are barred by *res judicata*, or claim preclusion, and collateral estoppel, or issue preclusion, *see* Def. Mem. at 11-14, which are both properly considered under Rule 12(b)(6).  *See Bd. of Managers of 195 Hudson Street Condominium v. Jeffrey M. Brown Associates, Inc.,* 652 F. Supp 2d. 463, 470 (S.D.N.Y. 2009) (citing *Sassower v. Abrams*, 833 F. Supp. 253, 264, n.18 (S.D.N.Y. 1993)) (finding it "well settled that a court may dismiss a claim on *res*

*judicata* or collateral estoppel grounds on a Rule 12(b)(6) motion."). Specifically, Defendants argue that Plaintiff's claims are barred because each could have been brought as part of its Article 78 Petition. *See* Def. Mem. at 13-14. For the reasons set forth below, the Court concludes that these claims are barred by *res judicata*. The Court therefore recommends that Defendants' Motion be granted with respect to Counts 1, 2 and 3 of the Complaint and that those claims be dismissed with prejudice.

In determining whether *res judicata* applies to a New York state court judgment, federal courts look to New York law. *New York v. Mountain Tobacco Co.*, 942 F.3d 536, 543 (2d Cir. 2019) ("A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." (internal quotation marks omitted)). Under New York law, *res judicata* "prevents a plaintiff from raising a claim that was or could have been raised in a prior suit." *McKithen v. Brown*, 481 F.3d 89, 104 (2d Cir. 2007); *see Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 896 (1984); *Farbstein v. Hicksville Pub. Library*, 323 F. Supp. 2d 414, 422-23 (E.D.N.Y. 2004). To determine whether res judicata precludes subsequent litigation, a court must find that: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [same] parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) (internal quotation marks and citations omitted); *Kesten v. Eastern Sav. Bank*, No. 07-cv-2071, 2009 WL 303327, *3 (E.D.N.Y. Feb. 9, 2009) (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d

Cir. 1994)) (under New York's "transactional" approach to claim preclusion, a claim should have been brought if it arises "out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief").

### 1. The Article 78 Petition was an Adjudication on the Merits

Turning to the first requirement, "it is well-settled that Article 78 proceedings constitute an adjudication on the merits for purposes of a *res judicata* analysis." *Miller v. City of New York*, No. 17-CV-4198, 2019 WL 2164100, at *2 (E.D.N.Y. May 10, 2019) (internal quotation marks omitted). Although Home Team's Article 78 claims were denied as not ripe, its remaining claims for declaratory and injunctive relief were dismissed on non-procedural grounds. *See* Ex. I to Gross Decl. at 3-4. Moreover, in addressing Plaintiff's motion to amend its Article 78 Petition to add claims pursuant to Section 1983, Judge Baisley concluded that Plaintiff's claim "challenging the propriety of the [SWO]" failed as a matter of law and further concluded that Home Team's "remaining contentions . . . are without merit." *Id*. at 5. To the extent Plaintiff argues that Judge Baisley erred in dismissing its claims or denying its motion to amend, *see* Opp. at 10-12, such consideration is irrelevant to the *res judicata* analysis. *See Sheffield v. Sheriff of Rockland Cnty. Sheriff Dep't*, 393 F. App'x 808, 813, n. 3 (2d Cir. 2010). Even assuming the Article 78 Petition was improperly dismissed, "the proper course was to appeal the state court's decision rather than seek to restart the case in federal court." *Id*. As such, the Court concludes that the Article 78 Petition concluded with an adjudication on the merits.

2. <u>The Article 78 Petition Involved the Same Parties</u>

Further, the present action involves the same parties or those in privity with the parties to the Article 78 Petition. Plaintiff, the Town, Scicolone and Glennon were all parties to the Article 78 Petition. *See* Ex. L to Compl. at 1. The fact that the present Complaint added Talmage and Sendlenski, both employees of East Hampton at the time of the relevant events, as Defendants, does not bar the application of *res judicata*. *Lacy v. Principi*, 317 F.Supp.2d 444, 447 (S.D.N.Y. 2004) ("When a party has litigated a claim to final judgment, that party cannot avoid the *res judicata* effect of that judgment by bringing suit against a new defendant that is in privity with the original defendant."); *see Alaimo v. Gen. Motors Corp.*, No. 07-CV-7624, 2008 WL 4695026, at *5 (S.D.N.Y. Oct. 20, 2008) (concluding that employee of defendant in prior action was in privity with its employer for the purposes of *res judicata* analysis). Accordingly, the two actions involve the same parties for *res judicata* purposes.

3. <u>Counts 1, 2 and 3 Could Have Been Brought in the Article 78 Petition</u>

Lastly, Plaintiff's procedural due process, substantive due process, and equal protection claims here could have been asserted in the Article 78 proceedings. Those claims involve "the same factual" grouping as the Article 78 Petition, *i.e.*, the issuance and enforcement of the SWO, and therefore are part of the same "transaction" for the purposes of *res judicata*. *See Burgos*, 14 F.3d at 790. And while generally *res judicata* "does not operate to bar a § 1983 suit following the resolution of an Article 78 proceeding, since the full measure of relief available in the former action is not available in the latter," *Colon v. Coughlin*, 58 F.3d 865, 870 n.3 (2d Cir. 1995),

18

*abrogated on other grounds by Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020),
this rule does not apply to hybrid state court proceedings like the one at issue here
where: (1) Home Team sought both Article 78 relief and other forms of relief that are
not available in a pure Article 78 proceeding, and (2) the state court addressed the
non-Article 78 claims on their merits. *See Corbett v. City of New York*, 816 F. App'x
551, 554 (2d Cir. 2020); *Sheffield v. Sheriff of Rockland Cnty. Sheriff Dep't*, 393 F.
App'x 808, 812 (2d Cir. 2010) (holding that *res judicata* applied to a proceeding that
sought both Article 78 relief and damages pursuant to Title VII). Here, Plaintiff's
original petition sought both Article 78 and declaratory and injunctive relief, which
are not available in a pure Article 78 proceeding. *See Corbett,* 816 Fed. App'x at 554.
Moreover, the state court addressed such claims on their merits. Given that Home
Team's state court action was a hybrid Article 78 proceeding, the Section 1983 due
process and equal protection claims asserted here could have been brought in that
forum, and Plaintiff in fact attempted to amend its petition to do just that.

Plaintiff's speedy trial claim, however, could not have been asserted in the
Article 78 proceedings. In order to adequately plead a Section 1983 claim for a
violation of the right to a speedy trial, a plaintiff must allege that the criminal
proceedings terminated in its favor. *See Bussey v. Devane*, No. 13-CV-3660, 2013 WL
4459059, at *5 (E.D.N.Y. Aug. 16, 2013). At the time the Article 78 Petition was filed,
the criminal charges against Home Team were still pending. *See* Compl. ¶ 97. Given
that Plaintiff's speedy trial claim was not yet ripe for review, it could not have been
brought in connection with the Article 78 Petition and is therefore not barred by *res*

*judicata.  See Thyroff v. Nationwide Mut. Ins. Co.*, No. 05-CV-6607, 2006 WL 2827082, at *3 (W.D.N.Y. Sept. 29, 2006) (concluding claims not ripe for review are not barred on claim preclusion grounds).  Accordingly, the Court concludes that Home Team's procedural due process, substantive due process, and equal protection claims are barred by the doctrine of *res judicata.*[5]  As such, the Court need not reach Defendants' additional arguments that these causes of action fail to state a claim and are barred by qualified immunity.  The Court therefore respectfully recommends that Counts 1, 2 and 3 of the Complaint be dismissed with prejudice.

### B. Count 4 Fails as a Matter of Law

With respect to Count 4 – Plaintiff's speedy trial claim – the Court considers Defendants' argument that this cause of action fails as a matter of law.  *See* Def. Mem. at 30.  For the reasons set forth below, the Court concludes that Home Team fails to state a claim for violation its right to a speedy trial.  Accordingly, the Court respectfully recommends that Defendants' Motion be granted and that Count 4 be dismissed without prejudice.

Plaintiff asserts its speedy trial claim pursuant to Section 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State… subjects, or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured….

---

[5] Because *res judicata* has a broader preclusive effect than collateral estoppel, the Court does not address Defendants' arguments regarding collateral estoppel.  *See Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt*, P.C., 701 F. Supp. 2d 340, 351 (E.D.N.Y. 2010).

20

42 U.S.C. § 1983. Although Section 1983 does not create substantive rights, it does provide "a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To prevail on a claim arising under 42 U.S.C. § 1983, a plaintiff must demonstrate: "(1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law." *Skates v. Inc. Vill. of Freeport*, 265 F. Supp. 3d 222, 234 (E.D.N.Y. 2017) (citing 42 U.S.C. § 1983). "The traditional definition of acting under color of state law requires that the defendant . . . exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Alford v. City of New York*, 413 F. Supp. 3d 99, 113 (E.D.N.Y. 2018) (quoting *Kia P. v. McIntyre*, 235 F.3d 749, 755 (2d Cir. 2000)).

Plaintiff alleges that Defendants violated its Sixth Amendment and New York state constitutional rights to a speedy trial by failing to bring Home Team to trial on the criminal charges against it. *See* Compl. ¶¶ 264-76 (Count 4). To state a claim for a violation the right to a speedy trial, a "plaintiff must allege that he was denied his right to a speedy trial and that he was presumptively prejudiced by the delay." *Varricchio v. Cnty. of Nassau*, 702 F. Supp. 2d 40, 51 (E.D.N.Y. 2010). Further, the state court criminal proceedings must have terminated in Plaintiff's favor. *Bussey,* 2013 WL 4459059, at *5; *see Syfert v. City of Rome,* No. 6:17-cv-0578, 2017 WL 3405521, at *11 (N.D.N.Y. Aug. 7, 2017), *report and recommendation adopted*, No. 6:17-cv-0578, 2017 WL 5195230 (N.D.N.Y. Nov. 9, 2017) (dismissing speedy trial claim where plaintiff did not allege criminal proceedings terminated in his favor);

*Montane v. Pettie,* No. 10-cv-4404, 2012 WL 1617713, at *3 (E.D.N.Y. May 8, 2012) (same). Here, at the time that Plaintiff's Complaint was filed, the criminal charges against Home Team were still pending. *See* Compl. ¶ 109. Moreover, Plaintiff has agreed that this claim should be dismissed without prejudice, on the ground that it is not yet ripe for adjudication. *See* DE [10]; Opp. at 30. Accordingly, the Court respectfully recommends that Defendants' Motion be granted with respect to Home Team's speedy trial claim and that Count 4 be dismissed without prejudice.[6]

## C. Leave to Amend

Although Plaintiff did not request leave to amend, the Court may grant such leave "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) ("Under Fed. R. Civ. P. Rule 15(a), leave to amend shall be freely given when justice so requires."). Nevertheless, "a district court may deny leave to amend when . . . amendment would be futile because the problem with the claim 'is substantive . . . [and] better pleading will not cure it.'" *Reynolds v. City of Mount Vernon*, 14-CV-1481, 2015 WL 1514894, at *5 (S.D.N.Y. Apr. 1, 2015) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, the Court has recommended that Counts 1, 2 and 3 of Plaintiff's Complaint be dismissed pursuant to the doctrine of *res judicata*. No amendment could cure Home Team's failure to pursue those claims in the Article 78 Petition hybrid proceedings. Accordingly, the Court recommends that Counts 1, 2 and 3 of the Complaint be dismissed with prejudice and without leave to amend. Consistent with the above

---

[6] Having concluded that Plaintiff's claim fails as a matter of law, the Court does not reach Defendants' qualified immunity argument on this cause of action.

analysis, the Court recommends that Count 4 – Plaintiff's speedy trial claim – be dismissed without prejudice and with leave to amend pending the conclusion of the criminal proceedings against Home Team.

## IV.    CONCLUSION

For the reasons set forth above, the Court concludes that Plaintiff's procedural due process, substantive due process and equal protection claims are barred by *res judicata*.  Accordingly, the Court respectfully recommends that Defendants' Motion be granted with respect to Counts 1, 2 and 3 of Plaintiff's Complaint, and that those claims be dismissed with prejudice and without leave to amend.  Further, given that Plaintiff's speedy trial cause of actions fails on the merits and Plaintiff has voluntarily agreed to dismiss that claim, the Court recommends that Count 4 be dismissed without prejudice.

## V.    OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:    Central Islip, New York
          November 28, 2023

                                   /s/ Steven I. Locke
                                   STEVEN I. LOCKE
                                   United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
HOME TEAM 668 LLC,

   Plaintiff,

     -against-

TOWN OF EAST HAMPTON; LINDA
SCICOLONE; ANN GLENNON; THOMAS
TALMAGE; and MICHAEL SENDLENSKI,
in their official and individual
capacities,

   Defendants.
-------------------------------X

<u>MEMORANDUM & ORDER</u>
20-CV-5828 (JS)(SIL)

APPEARANCES

For Plaintiff Home Team   Richard Leib Ravin, Esq.
668 LLC:   Hartman & Winnicki, P.C.
   74 Passaic Street
   Ridgewood, NJ 07450


For Defendants Town of   Scott J. Kreppein
East Hampton; Linda   Devitt Spellman Barrett, LLP
Scicolone; Ann Glennon;   50 Route 111, Suite 314
Thomas Talmage; and   Smithtown, NY 11787
Michael Sendlenski:


SEYBERT, District Judge:

       On December 1, 2020, Plaintiff Home Team 668 LLC
(hereafter, "Plaintiff") commenced this civil rights action
pursuant to 42 U.S.C. § 1983 alleging violation of Plaintiff's
rights to: (1) procedural due process under the Fourteenth
Amendment; (2) substantive due process under the Fourteenth
Amendment; (3) equal protection under the Fourteenth Amendment;
and (4) a speedy trial under the Sixth Amendment. (Compl. ¶¶

168-276.)   On April 8, 2021, Defendants Town of East Hampton, Linda Scicolone, Ann Glennon, Thomas Talmage, and Michael Sendlenski (collectively, "Defendants"), moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure (hereafter, "Rule") 12(b)(6) (hereafter, "Dismissal Motion") on the ground that Plaintiff's claims are barred by res judicata and fail to state a claim upon which relief can be granted. (See generally Support Memo, ECF No. 15-2.)   On November 28, 2023, Magistrate Judge Locke issued a Report and Recommendation (hereafter, "Report" or "R&R") recommending the Court dismiss Counts 1-3 of the Complaint with prejudice and dismiss Count 4 of the Complaint without prejudice.   (R&R, ECF No. 27, at 2.) Plaintiff filed objections to the Report on December 5, 2023. (See generally Objs., ECF No. 28.)   For the reasons stated herein, Plaintiff's objections are OVERRULED, the R&R is ADOPTED, and Defendants' Dismissal Motion is GRANTED with prejudice as to Counts 1-3 and without prejudice as to Count 4. The Clerk of Court is directed to mark this case CLOSED.

BACKGROUND

I.   Factual and Procedural Background

The Court presumes the parties' familiarity with, adopts, and incorporates herein, the factual and procedural background as set forth in the R&R.[1]   (See R&R at 2-13.)   See generally Sali v. Zwanger & Pesiri Radiology Grp., LLP, No. 19-CV-0275, 2022 WL 819178, at *1 (E.D.N.Y. Mar. 18, 2022) (where no party challenges magistrate judge's recitation of factual and procedural backgrounds of the case, upon clear error review, adopting and incorporating same into court's order).

II.  Plaintiff's Objections to the R&R

Plaintiff asserts three objections to Judge Locke's R&R.[2]   First, Plaintiff contends dismissal of his claims based upon res judicata is inappropriate because the claims he brought

---

[1] The Court acknowledges Plaintiff's objection to Judge Locke's characterization of the Suffolk County Supreme Court matter (hereafter, the "Article 78 Proceeding") as a "hybrid" proceeding.  The Court has considered Plaintiff's objection and finds it to be without merit for the reasons discussed infra. (See infra Discussion, Part II.C.)

[2] Plaintiff did not object to Judge Locke's recommendation to dismiss Count 4 of the Complaint without prejudice. (Objs., ECF No. 28, at 1.)   Accordingly, Judge Locke's recommendation is reviewed for clear error.  Kruger v. Virgin Atl. Airways, Ltd., 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013), aff'd, 578 F. App'x 51 (2d Cir. 2014), and aff'd, 578 F. App'x 51 (2d Cir. 2014) ("The Court reviews portions of the R&R to which a party makes no objection for clear error").   Upon clear error review of Judge Locke's recommendation to dismiss Count 4 of the Complaint without prejudice, the Court finds none.  Accordingly, Judge Locke's recommendation as to Count 4 is hereby ADOPTED.

in the Article 78 Proceeding were not dismissed on the merits.
(Objs. at 2.)    Second, Plaintiff argues that Judge Locke
incorrectly characterized the Article 78 Proceeding as a
"hybrid" proceeding, even though the presiding state court judge
"never converted [the Article 78 Proceeding into] a plenary
action." (Id. at 3-5.)   According to Plaintiff, the failure to
officially convert the proceeding into a plenary action
prevented the Article 78 Proceeding from becoming a hybrid
proceeding.     (Id.)     Third, Plaintiff avers Judge Locke
erroneously ignored Second Circuit precedent cited in its
underlying opposition brief, namely, Davidson v. Capuano, 792
F.2d 275 (2d Cir. 1986), and Northern Assurance Company of
America v. Square D Company, 201 F.3d 84 (2d Cir. 2000), and
instead relied upon Corbett v. City of New York, 816 F. App'x
551 (2d Cir. 2020).   Plaintiff contends Corbett is an
"unreported[] summary order case, without any precedential
value." (Id. at 5.)   The Court addresses Plaintiff's objections
below.

DISCUSSION

I.  Legal Standard

A district court "may accept, reject, or modify, in
whole or in part, the findings or recommendations made by the
magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R.
CIV. P. 72(b)(3).   The district judge must evaluate proper

4

objections <u>de novo</u>; however, where a party "makes only
conclusory or general objections, or simply reiterates [the]
original arguments, the Court reviews the Report and
Recommendation only for clear error." <u>Pall Corp. v. Entegris,
Inc.</u>, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting <u>Barratt v.
Joie</u>, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4,
2002)); Fᴇᴅ. R. Cɪᴠ. P. 72(b)(3); <u>see also</u> <u>U.S. Small Bus. Admin.
v. Ameritrans Holdings, LLC</u>, No. 20-CV-1166, 2024 WL 704621, at
*2 (E.D.N.Y. Feb. 21, 2024) (applying clear error review where
"[d]efendants' regurgitation of their original arguments [was]
readily apparent when comparing their [underlying motion] to
their [o]bjections"). Moreover, the Court need not review the
findings and conclusions to which no proper objection has been
made. <u>Thomas v. Arn</u>, 474 U.S. 140, 150 (1985).

II. <u>Analysis</u>

    A. <u>Plaintiff's Objections Warrant Clear Error Review</u>

        Here, the Court finds all of Plaintiff's objections to
be "mere reiterations of the arguments in [the] original papers
that were fully considered, and rejected, by" Judge Locke. <u>Out
of the Blue Wholesale, LLC v. Pac. Am. Fish Co., Inc.</u>, No. 19-
CV-0254, 2020 WL 7488072, at *2 (E.D.N.Y. Dec. 21, 2020)
(quoting <u>Rizzi v. Hilton Domestic Operating Co., Inc.</u>, No. 19-
CV-1127, 2020 WL 6243713, at *2 (E.D.N.Y. Oct. 23, 2020)

5

(collecting cases)).  Indeed, Plaintiff admitted, "[a]ll of the arguments referenced in this Objection are cogently set forth with supporting law in Plaintiff's Opposition Brief."  (Objs. at 5; compare Objs. at 2-5, with, Opp'n., ECF No. 21, at 16-18 (arguing the Article 78 Proceeding was not decided on the merits and therefore res judicata does not apply); Opp'n. at 23 (arguing res judicata does not apply because the Article 78 Proceeding was not a "hybrid" or "plenary" proceeding); Opp'n. at 15-23 (citing Davidson and Northern Assurance)).  Thus, the Court reviews Judge Locke's Report for clear error.

B.  Objection 1: Plaintiff's Claim that the Causes of Action in the Article 78 Proceeding Were Not Dismissed on the Merits

Plaintiff argues Judge Locke erroneously concluded his claims were barred by res judicata because the claims raised in his underlying Article 78 Proceeding were not adjudicated "on the merits."  (Objs. at 2.)  Upon clear error review of Judge Locke's Report, and the language employed in the Article 78 Proceeding, the Court finds Plaintiff's objection to be unfounded.

As a general matter, a claim may be barred under the doctrine of res judicata where a litigant seeks to advance in a new action claims or defenses that were, or could have been, raised in a prior proceeding involving the same parties or their

privities, and such action resulted in a judgment on the merits. Overview Books, LLC v. United States, 755 F. Supp. 2d 409, 415 (E.D.N.Y. 2010), aff'd, 438 F. App'x 31 (2d Cir. 2011) (citing Murphy v. Gallagher, 761 F.2d 878, 879 (2d Cir. 1985)). Thus, when determining whether claims are barred by res judicata, four factors must be considered, i.e., whether: "(1) the earlier decision was a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the same parties or their privities were involved; and (4) the decision involved the same cause of action." Id.

Plaintiff claims the decision rendered in the Article 78 Proceeding was not a judgment "on the merits." (Objs. at 2.) In support of his contention, he argues the presiding judge, Honorable Paul J. Baisley, Jr. (hereafter, "Judge Baisley"), improperly treated Plaintiff's Motion to Amend as a Motion to Dismiss, without providing notice to Plaintiff, and dismissed the proposed amended complaint in a "conclusory fashion." (Id.) However, as Judge Locke correctly concluded in his R&R, a conclusion to which Plaintiff purportedly agrees,[3] whether Judge Baisley "erred in dismissing its claims or denying its motion to amend" is not a consideration relevant to the res judicata analysis. (R&R at 17.) Rather, it is well-established that

---

[3] Confusingly, Plaintiff indicated in his Objections that he agreed with Judge Locke's assertion that if Judge Baisley erred in dismissing Plaintiff's claims and denying Plaintiff leave to amend, that fact would be "irrelevant" to the res judicata analysis. (See Objs. at 5-6, n.2.)

7

"res judicata protects wrong decisions as fully as right ones."
Male v. Tops Markets, LLC, 354 F. App'x 514, 515 (2d Cir. 2009)
(citations and modifications omitted); see also Mahmood v. Rsch.
in Motion Ltd., 905 F. Supp. 2d 498, 502 (S.D.N.Y. 2012), aff'd,
515 F. App'x 891 (Fed. Cir. 2013) (stating res judicata "bars
new claims out of the same transactions regardless of whether
they are winners or losers."). Thus, even if, as Plaintiff
contends, Judge Baisley improperly treated Plaintiff's Motion to
Amend as a Motion to Dismiss, such error does not negate the
fact that Judge Baisley's decision was made "on the merits."

Plaintiff's argument that Judge Baisley's decision was
"conclusory" fairs no better. It is well established "there is
no requirement for a court to specifically address each and
every argument raised by a party in papers filed with the
Court." Hallmark Licensing, LLC v. Dickens, Inc., No. 17-CV-
2149, 2020 WL 6157007, at *7 (E.D.N.Y. Oct. 21, 2020) (citing
Miller v. Metro. Life Ins. Co., No. 17-CV-7284, 2018 WL
59093477, at *5 n.5 (S.D.N.Y. Nov. 15, 2018) (further citations
omitted)). "By extension, neither is a court required to
address each and every case cited by a party in support of its
position." Id. This principle is recognized both in state and
federal courts. Id.; Queensrail Corp. v. Metro. Transp Auth.,
No. 157453/2021, 2023 WL 6141536, at *1 (N.Y. Sup. Ct. Sep. 15,
2023). Here, it is clear Judge Baisley dismissed Plaintiff's

8

claims "on the merits" when he concluded Plaintiff's claims were "without merit." (Exhibit I.) As this Court previously stated in <u>5055 Northern Boulevard LLC v. Incorporated Village of Old Brookville</u>, "[w]hile Plaintiff may be dissatisfied with the state court's level of analysis, it does not necessarily follow that the issues 'were never litigated.' Rather, the state court's denial of Plaintiff's non-Article 78 relief satisfies the 'adjudication on the merits' requirement" of <u>res judicata</u>. No. 19-CV-3598, 2020 WL 6545897, at *5 (E.D.N.Y. Nov. 6, 2020), <u>aff'd,</u> 848 F. App'x 49 (2d Cir. 2021) (finding "[t]he state court rejected, albeit tersely, Plaintiff's requests for non-Article 78 relief"). Accordingly, the Court adopts Judge Locke's recommendation that the Article 78 Proceeding was adjudicated on the merits.

C. <u>Objection 2: Plaintiff's Claim that the State Court Proceeding was not a "Hybrid" Plenary Action</u>

As his second objection, Plaintiff asserts Judge Locke erred by "incorrectly refer[ring] to the proceeding filed by Plaintiff in Suffolk County Supreme Court as [a] 'hybrid'" proceeding. (Objs. at 3.) Plaintiff contends this was a "critical error" because the judge presiding over the Article 78 Proceeding "never exercised his discretion to convert the matter to a plenary hearing, and thus, never had authority to decide any non-Article 78 matters." (<u>Id.</u>) The Court finds Judge

9

Locke's characterization of the Article 78 Proceeding as a
"hybrid" proceeding to be free of clear error; accordingly, it
finds Plaintiff's objection to be without merit.

The Article 78 Proceeding became a "hybrid" proceeding
when, in addition to seeking injunctive relief under Article 78,
Plaintiff sought declaratory and injunctive relief concerning
the constitutionality of Town Code § 255-10-25. (See Ex. L, ECF
No. 1-13, attached to Compl., at 15-17; R&R at 10.) Although it
may be true the Article 78 Proceeding was not "officially"
designated as a "hybrid" proceeding, because Plaintiff sought
declaratory and injunctive relief for claims that, in
Plaintiff's own words, were "non-Article 78 matters," and such
matters were addressed on the merits by the presiding judge, the
Article 78 Proceeding was properly considered a hybrid
proceeding. See Sheffield v. Sheriff of Rockland County Sheriff
Dep't, 393 F. App'x 808, 813 (2d Cir. 2010) (holding, where
plaintiff presented claims under Title VII in her Article 78
petition, "[i]t is therefore clear to us that [plaintiff]
commenced a hybrid action and that the state court treated it as
such"); see also Casale v. Metro. Transp. Auth., No. 05-CV-4232,
2005 WL 3466405, at *10 (S.D.N.Y. Dec. 19, 2005) (finding
plaintiff's § 1983 claim "converted [the] Article 78 proceeding
into a hybrid special proceeding/plenary action"); (Objs. at 3
(admitting Plaintiff's claim for declaratory relief based upon

10

the purported unconstitutionality of Town Code § 255-10-25 was a
"non-Article 78 matter[]")).

    Moreover, Judge Baisley's Order dismissing Plaintiff's
claims in the Article 78 Proceeding made clear he had addressed
all of Plaintiff's claims, including the non-Article 78 claims.
(Exhibit I, ECF No. 16-13, attached to Gross Decl. (stating
Plaintiff's "remaining contentions need not be addressed or are
without merit")).  To the extent Plaintiff contends judges
presiding over Article 78 cases do not have jurisdiction to
resolve non-Article 78 claims, such contention is unavailing in
light of the case law discussed supra.  Accordingly, the Court
finds Plaintiff's second objection to be without merit and
adopts Judge Locke's recommendation that the Article 78
Proceeding was a hybrid proceeding.

    D. Objection 3: Plaintiff's Claim that Judge Locke Ignored
       Second Circuit Law

        Plaintiff objects to Judge Locke's reliance on the
Second Circuit summary order, Corbett v. City of New York,
asserting Judge Locke should have instead relied upon Davidson
v. Capuano and Northern Assur. Co. of America v. Square D Co.,
both of which are Second Circuit decisions cited in Plaintiff's
Opposition.  816 F. App'x 551 (2d Cir. 2020); 792 F.2d 275 (2d
Cir. 1986); 201 F.3d 84 (2d Cir. 2000); (Objs. at 5; Opp'n at
15-23.)  As stated supra, the Court need not address every

11

SPA-35

argument and case raised by a party in its papers.  Hallmark
Licensing, 2020 WL 6157007, at *7 ("To the extent [defendant]
would fault [the] Magistrate Judge . . . for not discussing all
the cases it cites in support of its position . . . its
contention is unavailing.").

Moreover, aside from stating that Davidson and
Northern Assurance are Second Circuit cases, Plaintiff has not
articulated any reason why these cases should have been applied
to the instant matter.  Perhaps, Plaintiff believes said cases
stand for the proposition that subsequent civil rights claims
brought in federal court are not barred by res judicata
following an Article 78 proceeding concerning the same
underlying facts and circumstances.  However, in the absence of
further elucidation, the Court is simply presented with
Plaintiff's disagreement with Judge Locke's recommendation that
the Article 78 Proceeding at issue was a hybrid proceeding.[4]
Yet, Judge Locke's recommendation is well supported in light of
Judge Baisley's express determination that Plaintiff's claims,
even those seeking relief beyond the confines of Article 78,
were "without merit."  (Exhibit I); see also Sheffield, 393 F.
App'x at 812 (holding res judicata barred subsequent claims

---

[4] Moreover, the Court finds Northern Assurance inapplicable here,
as its facts are inapposite.  See generally Northern Assurance,
201 F.3d 84 (2d Cir. 2000).

where plaintiff previously commenced a hybrid Article 75
petition, Article 78 petition, and a plenary action, which
adjudicated claims went beyond "Article 75 or 78 review"). For
that same reason, Corbett applies. 816 F. App'x at 554
(holding, where the underlying Article 78 proceeding was a
hybrid proceeding which included a request for a declaration of
unconstitutionality, subsequent § 1983 claims brought in federal
court were barred by res judicata). Thus, the Court finds Judge
Locke's reliance on the Corbett case to be entirely appropriate
and free of clear error.

CONCLUSION

For the stated reasons, IT IS HEREBY ORDERED that:
Plaintiff's objections (ECF No. 28) are OVERRULED; the R&R (ECF
No. 27) is ADOPTED in its entirety; and Defendants' Dismissal
Motion (ECF No. 15) is GRANTED with prejudice as to Counts 1-3
and without prejudice as to Count 4.

IT IS FURTHER ORDERED that The Clerk of the Court is
directed to mark this case CLOSED.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March 13, 2024
       Central Islip, New York

13

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
HOME TEAM 668, LLC,

                    Plaintiff,

       - against -

TOWN OF EAST HAMPTON; LINDA
SCICOLONE; ANN GLENNON; THOMAS
TALMAGE; and MICHAEL SEDLENSKI,
In their official and individual capacities,

                    Defendants.
-------------------------------------------------------------X

**JUDGMENT**

CV 20-5828 (JS) (SIL)

A Memorandum and Order of Honorable Joanna Seybert, United States District Judge,

having been filed on March 13, 2024; adopting the November 28, 2023 Report and

Recommendation of United States Magistrate Judge Steven I. Locke its entirety; granting

Defendants' Dismissal Motion with prejudice as to Counts 1-3 and without prejudice as to Count

4; and directing the Clerk of Court to mark this case closed, it is

      **ORDERED AND ADJUDGED** that Plaintiff Home Team 668, LLC take nothing of

Defendants Town of East Hampton, Linda Scicolone, Ann Glennon, Thomas Talmage, and

Michael Sedlenski: that Defendants' Dismissal Motion is granted with prejudice as to Counts 1-3

and without prejudice as to Count 4; and that this case is closed.

Dated: March 13, 2024
       Central Islip, New York

                             BRENNA B. MAHONEY
                             CLERK OF COURT

              By:   /s/ James J. Toritto
                    Deputy Clerk

Short Form Order

SUPREME COURT - STATE OF NEW YORK
**I.A.S. PART XXXVI SUFFOLK COUNTY**

**PRESENT:**
**HON. PAUL J. BAISLEY, JR., J.S.C.**

-------------------------------------------------------------X

HOME TEAM 668, LLC,

Plaintiff/petitioner,

-against-

TOWN OF EAST HAMPTON, EAST HAMPTON
ZONING BOARD OF APPEALS (COMPRISED OF
JOHN P. WHALEN, THERESA BERGER, ROY
DALENE, SAMUEL KRUMER and TIM
BRENNEMAN), LINDA SCIOLONE and ANN
GLENNON,

Defendants/Respondents..

-------------------------------------------------------------X

INDEX NO.:  06064/2018
MOTION DATE:  7/18/19
MOTION SEQ. NO.: 001 MD; CASEDISP
MOTION SEQ. NO.: 002 MD; CASEDISP

**PLAINTIFF'S ATTORNEYS**:
 HARTMAN & WINNICKI, ESQS.
 74 PASSAIC STREET
 RIDGEWOOD, NJ          07450

**DEFENDANT'S ATTORNEYS:**
DEVITT SPELLMAN BARRETT, LLP
50 ROUTE 111
SMITHTOWN, NY          11787

     .*ORDERED* that plaintiff/petitioner's motion(motion sequence no. 001) served by order
to show cause (PASTORESSA, J.) for an order declaring that Home Team has complied with the
condition for resuming work set forth in the Stop Work Order issued to Home Team and may
resume work at the property; ordering defendants Glennon and Sciolone to cancel the Stop Work
Order; ordering defendant Sciolone to immediately transmit to the Zoning Board of Appeals all
papers constituting the record upon which the Stop Work Order was issued to Home Team;
ordering the Zoning Board of Appeals to immediately fix a reasonable time for the hearing of
Home Team's appeal of the Stop Work Order, not more than 14 days from the entry of judgment;
ordering the Zoning Board of Appeals to issue a decision on Home Team's appeal of the Stop
Work Order no more than 14 days following the hearing; preliminarily and permanently
enjoining the defendants, and their governmental subdivisions or units, agencies, agents, and
attorneys from enforcing the Stop Work Order; declaring the Town of East Hampton Code
§255-10-25 unconstitutional and invalid; ordering that the Stop Work Order issued to Home
Team and all enforcement proceedings relating to the Stop Work Order be stayed pending full
and final, non-appealable resolution of Home Team's appeal to the Zoning Board of Appeals;
declaring that the issuance of the Stop Work Order to Home Team was unconstitutional and
invalid; declaring that the Stop Work Order issued to Home Team is invalid and of no further
force and effect; ordering that all enforcement proceedings related to the Stop Work Order issued
to Home Team be dismissed; declaring that the construction at Home Team's property is in
compliance with the approved revised site plan with regard to the paving of the parking area; and

*Home Team 668 v Town of East Hampton, et al.*                    *Index No.: 06064/2019*

plaintiff/petitioner's motion (motion sequence no. 002) for leave to amend and supplement the Article 78 petition and complaint, are consolidated for the purposes of this determination, and it is further

      **ORDERED** that petitioner's petition is denied in its entirety; and it is further

      **ORDERED** that petitioner's motion for leave to amend and supplement the Article 78 petition and complaint is denied.

      Petitioner Home Team 668, LLC ("Home Team") is the owner of property located at 87 Euclid Avenue, Montauk, East Hampton, New York ( the "property"). On June 18, 2016, Home Team submitted a Preliminary Site Plan Application to the Town Planning Board, seeking to develop a free-standing, two-story building consisting of approximately 2,000 square feet with the first floor to be used as an art gallery, retail store or office space, and a two-bedroom apartment on the second floor. Senior Planner for the Town, Eric Schantz, recommended that the three parking spaces on the Preliminary Site Plan be moved into the Town's property in the South Euclid Avenue right-of-way to make them consistent with the current existing parking pattern on South Euclid Avenue. Mr. Schantz allegedly noted that moving the building forward and the site parking into the right-of-way would require variances from the Zoning Board of Appeals ("ZBA") and that the Town Planning Board would support a grant of those variances from the ZBA. On November 29, 2016, the ZBA granted the variances necessary to permit off-site parking in the Town's right-of-way.

      In June 2018, it became evident that the grade in the Town's right-of-way was too steep to construct a handicap parking space in compliance with New York's Building Code and the Americans with Disabilities Act ("ADA"). Home Team then made arrangements with a contractor to install concrete for the parking stalls in the location described on the site plan. On or about June 19, 2018, the mason began work and the owner of the neighboring property allegedly complained to the Town Building Department about the work being performed. On June 20, 2018, Joe Palermo, the Town Building Inspector, requested that he be notified when the cement was to be poured so that he could be present to ensure that an expansion joint was put between the retaining wall and the building to the east of the site.

      On or about June 28, 2018 a Stop Work Order was posted on the property ordering all building activities to stop, indicating that the work was not in compliance with the Building Code, the Town Zoning Code, and the plans and specifications filed with the Town Building Department. The Stop Work Order was not limited to the parking area or the concrete work and prevented Home Team from performing any further work on the property. On July 2, 2018, Home Team submitted a revised site plan reflecting the cement work and the work needed to comply with the ADA. Home Team requested that the Stop Work Order be lifted; however, the

2

*Home Team 668 v Town of East Hampton, et al.*                    *Index No.: 06064/2019*

Town refused, resulting in Home Team filing an appeal with the ZBA.  The Town also issued a criminal Appearance Ticket and a Misdemeanor Information, alleging that Home Team had violated the Town Code by pouring concrete (instead of asphalt) and that Home Team had allegedly violated the Stop Work Order by pouring concrete after the Stop Work Order had been posted.

Plaintiff/petitioner contends that the Stop Work Order has not been lifted and the criminal Appearance Ticket has not been dismissed.  Plaintiff/petitioner contends that Town of East Hampton Code §255-10-25 violates Home Team's constitutional rights to procedural and substantive due process in violation of the Fourteenth Amendment of the U.S. Constitution and Article I, §6 of the New York Constitution.  Home Team seeks judgment declaring Town of East Hampton Code §255-10-25 unconstitutional and invalid; ordering that the Stop Work Order be stayed pending full and final, non-appealable resolution of Home Team's appeal to the ZBA; temporarily, preliminarily, and permanent enjoining defendants, and their governmental subdivisions, from enforcing the Stop Work Order.

In opposition, defendants/respondents contends that the petition/complaint should be dismissed and the demand for injunctive relief denied because the untimely proceeding is not ripe and plaintiff has not exhausted its administrative remedies.  Defendants/respondents further contends that the Stop Work Order has been rescinded and the proceeding is now moot and/or academic.  The plaintiff/petitioner's application for a temporary restraining order was granted to the extent that it permitted plaintiff to continue work on the fire suppression system, fire alarm system, heating system and landscaping.  Thereafter, the Stop Work Order was rescinded on November 21, 2018.

"Generally, a CPLR Article 78 proceeding may not be used to challenge a non-final determination by a body or officer" (*Ogden Citizens for Responsible Land Use v Planning Bd. Of Town of Ogden*, 224 AD2d 921, 637 NYS2d 582 [4th Dept 1996]; CPLR §7801[1]).  " To challenge an administrative determination, the agency action must be 'final and binding' upon the petitioner" (*Ranco Sand and Stone Corp v Vecchio*, 27 NY 3d 92, 98, 29 NYS3d 873 [2016]).  "In order for an administrative determination to be final, and thus justiciable, it must be ripe for judicial review" (*Ranco Sand and Stone Corp v Vecchio*, *supra*, at 98).  A party who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law (*Carnelian Farms LLC v Village of Muttontown Bldg. Dept.*, 151 AD3d 845, 56 NYS3d 554 [2nd Dept 2017]).  As defendants/respondents have not rendered a final determination in this matter, the proceeding is not ripe for judicial review.

The Town Board of East Hampton adopted §255-10-25 which provides that:

[t]he provisions of subdivision (6) of §267-a of the New York Town Law [the "stay upon appeal law"] shall in no way limit the authority, responsibility, or

jurisdiction of the Building Inspector, Town Chief Investigator, any Ordinance Enforcement Officer, or any other duly-authorized administrative official of the Town to enforce the provisions of this chapter. Specifically, upon the filing of an appeal or application for a variance to the Zoning Board of Appeals, there shall exist no stay of enforcement proceedings whatsoever, and the aforementioned administrative officials shall have full power to institute and prosecute enforcement proceedings under this chapter without the necessity of making any form or certification to the Board of Appeals.  To the extent inconsistent herewith, Town Law §267-a(6) is superseded in it effect, pursuant to the Town's powers  under Article IX, §2(b)(3) of the New York State Constitution, §10(6) of the Statute of Local Governments, and §10(1)(ii)(a)(14) and 10(1)(ii)(d)(3) of the Municipal Home Rule Law.

"Legislative enactments are entitled to an exceedingly strong presumption of constitutionality...[a] local law is cloaked with the same strong presumption of constitutionality as a statute" (*Nicholson v Incorporated Village of Garden City*, 112 AD3d 893, 894, 978 NYS2d 288 [2[nd] Dept 2013]).  The mere allegation that the local law violates other laws and the New York Constitution does not meet the required burden.  *(Nicholson v Incorporated Village of Garden City, supra).*  "In the face of a strong presumption of validity, a plaintiff has a heavy burden of demonstrating beyond a reasonable doubt that [an] ordinance has no substantial relationship to the public health, safety, or general welfare" (*Tilcon v New York, Inc. v Town of Poughkeepsie*, 125 AD3d 782, 784, 5 NYS3d 102 [2[nd] Dept 2015]).  In light of the foregoing, plaintiff/petitioner's declaring the Town of East Hampton Code  §255-10-25 unconstitutional and invalid is denied.

In order to obtain a preliminary injunction pursuant to CPLR §6313, the movant must show immediate and irreparable injury, loss or damage. *See 2339 Empire Management, LLC v. 2329 Nostrand Realty, LLC,* 71 AD3d 998, 897 NYS2d 241 [2[nd] Dept 2010].  A preliminary injunction  "is a drastic remedy which will not be granted unless a clear right thereto is established under the law and the undisputed facts upon the moving papers, and the burden of showing an undisputed right rests upon the movant" (*Nalitt v New York*, 138 AD2d 580, 581, 526 NYS2d 162 [2[nd] Dept 1988].  Plaintiff/petitioner has failed to establish the existence of any immediate and irreparable injury, loss or damage.  In light of the foregoing, plaintiff/petitioner's application for a preliminary injunction is denied.

Turning to plaintiff/petitioner's motion to amend the pleadings, it is well settled that "although leave to amend should be freely given in the absence of prejudice or surprise to the opposing party *(see* CPLR 3025[b]), the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit" (*Vorobeichik v Greenpoint Goldman SM, LLC*, 164 AD3d 866, 79 NYS3d 545 [2[nd] Dept 2018]).  Plaintiff/petitioner's proposed amended pleadings challenge the propriety of the stop work order issued in June 2018

4

*Home Team 668 v Town of East Hampton, et al.*                    *Index No.: 06064/2019*

and assert a new negligence claim.  The claim challenging the propriety of the stop work order is without merit as the prosecution of plaintiff's code violation is discretionary and not subject to *mandamus* relief.  "*Mandamus* will not be awarded to compel an act with respect to which an administrative agency may exercise judgment or discretion" (*Matter of Kusky v Town of Islip*, 266 AD2d 460, 461, 699 NYS2d 69 [2nd Dept 1999]).  The negligence claim is not contained in the notice of claim and does not allege facts establishing a special relationship between the Town and plaintiff, and thus cannot be asserted in the proposed amended complaint (*O'Connor v Huntington U.F.S.D.*, 87 AD3d 571, 929 NYS2d 743 [2nd Dept 2011]).  Accordingly, plaintiff/petitioner's motion to amend the pleadings is denied.

       The plaintiff/petitioner's remaining contentions need not be addressed or are without merit.

       The foregoing constitutes the order of the Court.

Dated:   May 14, 2020

                                   PAUL J. BAISLEY, JR.

                                          J.S.C.

McKinney's Consolidated Laws of New York Annotated

Town Law (Refs & Annos)

Chapter 62. Of the Consolidated Laws (Refs & Annos)

Article 16. Zoning and Planning (Refs & Annos)

McKinney's Town Law § 267-a

§ 267-a. Board of appeals procedure

Effective: July 1, 2003

Currentness

\*　　　\*　　　\*

6. Stay upon appeal. An appeal shall stay all proceedings in furtherance of the action appealed from, unless the administrative official charged with the enforcement of such ordinance or local law, from whom the appeal is taken, certifies to the board of appeals, after the notice of appeal shall have been filed with the administrative official, that by reason of facts stated in the certificate a stay, would, in his or her opinion, cause imminent peril to life or property, in which case proceedings shall not be stayed otherwise than by a restraining order which may be granted by the board of appeals or by a court of record on application, on notice to the administrative official from whom the appeal is taken and on due cause shown.

\*　　　\*　　　\*

**Credits**

(Added L.1991, c. 692, § 2. Amended L.1992, c. 248, §§ 4 to 8; L.1993, c. 208, §§ 7, 8; L.1996, c. 235, §§ 7, 10; L.1997, c. 458, § 18, eff. July 1, 1998; L.1999, c. 476, § 2, eff. Jan. 1, 2000; L.2002, c. 662, § 7, eff. July 1, 2003.)

Town of East Hampton, NY

*Town of East Hampton, NY*
*Friday, August 24, 2018*

Filed March 29, 2019

**NOTICE OF ENACTMENT**

PLEASE TAKE NOTICE that after a public hearing held pursuant to the requirements of law on March 21, 2019 and at a meeting held by the Town board of the Town of East Hampton, New York on March 21, 2019, the following Local Law was adopted:

LOCAL LAW NO. 15  OF 2019

INTRODUCTORY NO. 18  OF 2019

**SECTION 1.**  Legislative Intent.

This legislation is intended to repeal a section of Town Code that attempts to supersede New York State Town Law section 267-a(6) prohibiting a stay of enforcement during the filing and adjudication of a Zoning Board of Appeals application.  While localities have been invested with substantial powers both by affirmative grant and by restriction on State powers in matters of local concern, the preemption doctrine embodies the primacy of the State Legislature to act with respect to matters of State concern. Preemption applies both in cases of express conflict between local and State law and in cases where the State has evidenced its intent to occupy the field. Cohen v. Board of Appeals of Village of Saddle Rock, 100 N.Y.2d 395 (2003).

**SECTION 2.** Amendment

Chapter 255 (Zoning) Article 10 (Enforcement) Section 25 (No Stay Upon Appeal) of the East Hampton Town Code is hereby amended by deleting Section 25 in its entirety.

**SECTION 3.** - Authority.

The proposed local law is enacted pursuant to Municipal Home Rule Law §10(1)(ii)(d)(3) and Town Law §261.

**SECTION 4.** - Effective Date.

This local law shall take effect immediately upon filing with the Secretary of State pursuant to Municipal Home Rule Law.

# Chapter 102. Building Construction

## Article I. Building Construction

## § 102-12. Stop orders.

[Amended 6-19-2014 by L.L. No. 19-2014]

Whenever a Building Inspector, Fire Marshal, Ordinance Inspector, Ordinance Enforcement Officer, Director of Code Enforcement, or Town Public Safety Director has reasonable grounds to believe that work on any building or structure is being prosecuted in violation of the provisions of the applicable building laws, ordinances or regulations, or not in conformity with the provisions of an application, plans, or specifications on the basis of which a building permit was issued, or in an unsafe and dangerous manner, he shall notify the owner of the property, or the owner's agent, or the person performing the work, to suspend all work, and any such persons shall forthwith stop such work and suspend all building activities until the stop order has been rescinded. Such order and notice shall be in writing, shall state the conditions under which the work may be resumed and may be served upon a person to whom it is directed either by delivering it personally to him or by posting the same upon a conspicuous portion of the building under construction and sending a copy of the same by registered mail to the owner of the property as listed on the assessment rolls.