# 24-959

### In the
# United States Court of Appeals
## For the Second Circuit



HOME TEAM 668 LLC,

*Plaintiff-Appellant,*

– v. –

THE TOWN OF EAST HAMPTON, LINDA SCICOLONE, ANN GLENNON,
THOMAS TALMAGE and MICHAEL SENDLENSKI,
in their official and individual capacities,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK (CENTRAL ISLIP)

## BRIEF FOR DEFENDANTS-APPELLEES

DEVITT SPELLMAN BARRETT, LLP
*Attorneys for Defendants-Appellees*
50 Route 111, Suite 314
Smithtown, New York 11787
(631) 724-8833
s.kreppein@devittspellmanlaw.com

Table of Contents

JURISDICTIONAL STATEMENT ................................................................... 1

STATEMENT OF THE ISSUES ..................................................................... 3

STATEMENT OF THE CASE ........................................................................ 3

STANDARD OF REVIEW ........................................................................... 5

FACTS ............................................................................................... 5

ARGUMENT ....................................................................................... 13

  I.  THE LOWER COURT PROPERLY DISMISSED THIS ACTION
BASED UPON RES JUDICATA ................................................................ 10

  II.  ALTERNATIVE BASIS FOR AFFIRMANCE - EVEN IF RES
JUDICATA DOES NOT APPLY, COLLATERAL ESTOPPEL WOULD
BAR THE DUE PROCESS AND EQUAL PROTECTION CLAIMS; OR,
THEY OTHERWISE FAIL TO STATE A CAUSE OF ACTION ......................... 20

CONCLUSION ..................................................................................... 18

WORD COUNT CERTIFICATION .............................................................. 19

i

Table of Authorities

**Cases**

Allen v. McCurry
449 U.S. 90 (1980) ................................................................. 10

Brown Media Corp. v. K&L Gates, LLP
854 F.3d 150 (2d Cir. 2017)...................................................... 4

Burgos v. Hopkins
14 F.3d 787, 780 (2d Dept. 1994) ........................................... 12

Chase Manhattan Bank, N.A. v. Celotex Corp.,
56 F.3d 343 (2d Cir. 1995)................................................. 14-15

Cine SK8 v. Town of Henrietta,
507 F.3d 778 (2d Cir.2007) .................................................... 16

Corbett v. City of New York,
816 F. App'x 551 (2d Cir. 2020).............................................. 11

Curtis v. Citibank, N.A.,
226 F.3d 133 (2d Cir. 2000) ................................................... 14

Davidson v. Capuano,
792 F.2d 275 (2d Cir. 1986) ................................................... 12

Diamond "D" Const. Corp. v. McGowan,
282 F.3d 191 (2d Cir. 2002) ..................................................... 2

Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,
544 U.S. 280 (2005) ............................................................... 2

Engquist v. Oregon Dep't of Agr.,
553 U.S. 591 (2008) .............................................................. 16

Freidus v. Barclays Bank PLC,
734 F.3d 132 (2d Cir. 2013) ...................................................................... 4

Gagliardi v. Vill. of Pawling,
18 F.3d 188 (2d Cir.1994) ....................................................................... 16

Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.,
697 F.3d 59 (2d Cir. 2012) ....................................................................... 1

Harlen Assocs. v. Inc. Vill. of Mineola,
273 F.3d 494 (2d Cir. 2001) ..................................................................... 2

Hu v. City of New York,
927 F.3d 81 (2d Cir. 2019) ..................................................................... 17

LaTrieste Rest. & Cabaret Inc. v. Vill. of Port Chester,
40 F.3d 587 (2d Cir. 1994) ..................................................................... 17

Migra v. Warren City Sch. Dist. Bd. of Educ.,
465 U.S. 75 (1984) ................................................................................. 10

Rivera v. City of New York,
392 F. Supp. 2d 644 (S.D.N.Y. 2005) .................................................... 16

Sheffield v. Sheriff of Rockland Cty. Sheriff Dep't,
393 F. App'x 808 (2d Cir. 2010) ........................................................ 11-12

Steel Co. v. Citizens for a Better Env't,
523 U.S. 83 (1998) ................................................................................... 1

Vill. Green At Sayville, LLC v. Town of Islip,
43 F.4th 287 (2d Cir. 2022) ................................................................... 18

iii

Vill. of Willowbrook v. Olech,
528 U.S. 562 (2000) ........................................................ 17

Whitfield v. City of New York Admin. For Children's Services,
2020 WL 5040369 (N.Y. Sup. Ct. Aug. 26, 2020) ..................... 12

Whitfield v. City of New York Admin. for Children's Servs.,
199 A.D.3d 548 (2021) ..................................................... 12

Whitfield v. City of New York,
96 F.4th 504 (2d Cir. 2024) .............................................. 12

Wight v. BankAmerica Corp.,
219 F.3d 79 (2d Cir. 2000) ................................................. 1

Younger v. Harris,
401 U.S. 37 (1971) ........................................................... 2

## Statutes

28 U.S.C. § 1257 ............................................................ 2

28 U.S.C. § 1738 .......................................................... 10

42 U.S.C. § 1983 .................................................. 8, 11, 14

42 U.S.C., § 1983 and 1988 ........................................... 11

42 U.S.C., § 1988 ......................................................... 11

C.P.L.R. § 7803 ........................................................... 12

East Hampton Code §255-10-25 ........................................ 8

East Hampton Town Code § 102-21 ................................. 5, 7

iv

East Hampton Town Code § 102-21(B) and 255-6-50 .............................5

East Hampton Town Code § 255-6-50 ....................................................5

East Hampton Town Code § 255-6-100 ..................................................7

## Regulations

36 C.F.R, Appendix-B-to-Part-1191 § 206.4.1 .........................................6

36 C.F.R, Appendix-B-to-Part-1191 § 206.4.5 .........................................6

36 C.F.R, Appendix-B-to-Part-1191 § 206.4.6 .........................................6

36 C.F.R, Appendix-B-to-Part-1191 § 208.3.1 .........................................6

## Constitutional Provisions

U.S. Const. Amend IV .............................................................................8

U.S. Const. Amend V ..............................................................................8

U.S. Const. Amend VI .............................................................................8

U.S. Const. Amend XIV ...........................................................................8

U.S. Const. Art. VI § 1..........................................................................10

JURISDICTIONAL STATEMENT

While the dismissal should be affirmed on *res judicata* grounds, jurisdiction is questionable as Appellants are seeking to challenge a state court judgment, or an abstention may be appropriate as the claims involve a pending state court criminal matter.

The "courts have an independent obligation to ensure that federal jurisdiction is not extended beyond its proper limits." *Wight v. BankAmerica Corp.*, 219 F.3d 79, 90 (2d Cir. 2000). "Federal courts are courts of limited jurisdiction whose power is limited strictly," and "there is always a presumption against jurisdiction." *Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.*, 697 F.3d 59, 64–65 (2d Cir. 2012). In the absence of subject matter jurisdiction, the Court "cannot proceed at all." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 84 (1998). Accordingly, while there are other basis for affirming the dismissal, a threshold issue is whether the Court should exercise jurisdiction at all.

In this action, Appellants are arguing that they were damaged by having litigated and lost a state court action that they believe was wrongly decided, and seek damages related to that litigation and defending pending criminal charges. (A. 36). They are arguing that the Town violated their due process rights by successfully opposing a prior state court action. (A. 39).

Federal appellate jurisdiction over a state court judgment rests solely with the Supreme Court following exhaustion of state court appellate remedies pursuant to 28

1

U.S.C. § 1257 and the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280 (2005). Aside from any such claim being barred by *res judicata,* federal courts lack jurisdiction to entertain plenary actions arguing that state court judgments were wrongly decided.

To the extent any of the claims would be within the Court's jurisdiction and not otherwise barred, Appellants are explicitly seeking rulings from the federal courts – after having unsuccessfully brought the same claims in state court – in an effort to bolster a motion to dismiss in a pending criminal action. (A. 21). Appellant is explicitly asserting "federal constitutional claims that involve or call into question ongoing state proceedings." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) *citing Younger v. Harris*, 401 U.S. 37 (1971). Moreover, the fact that the matter involves the minutia of a local land use issue further weighs in favor of abstention. *See generally Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 502 (2d Cir. 2001); *Sullivan v. Town of Salem,* 805 F.2d 81, 82 (2d Cir. 1986)

## STATEMENT OF THE ISSUES

I.  Whether the lower court erred in dismissing an action based upon *res judicata* based upon the dismissal of a prior hybrid Article 78 proceeding in state court raising the same or substantially similar claims.

*The question should be answered in the negative. The action was properly dismissed.*

2

STATEMENT OF THE CASE

The lower court properly dismissed this action based upon *res judicata*. Appellant was issued a stop work order because it undisputedly departed from approved plans in the course of construction of a building; then, their contractor proceeded to pour concrete directly in front of the stop work order that had been posted to the front of the building. The issues were resolved and the stop work order was rescinded upon the approval of revised plans and Appellant proceeded with construction. However, rather than paying a fine or proceeding to trial on the Town Code violations, Appellant adjourned the state court criminal matter while seeking relief from the Town's Zoning Board, then filed a state court action, and after both the Zoning Board appeal and state court action were dismissed filed this action asserting substantially the same claims it attempted to litigate in state court.

Contrary to Appellant's arguments, their prior state court action was a hybrid proceeding where they raised constitutional claims and sought declaratory relief, and is thus entitled to *res judicata* effect rather than merely collateral estoppel. Regardless, the state court found that nearly identical – and in many respects verbatim – claims were devoid of merit, and if re-evaluated independently the complaint fails to state a cause of action.

STANDARD OF REVIEW

The standard of review dismissal on the grounds of *res judicata* or failure to state a claim is *de novo*. *Brown Media Corp. v. K&L Gates*, LLP, 854 F.3d 150, 157 (2d Cir. 2017). The Court may affirm the district court "on any basis from which there is sufficient support in the record." *See Freidus v. Barclays Bank PLC*, 734 F.3d 132, 138 n.2 (2d Cir. 2013).

FACTS

This matter arises from Appellant's development a vacant lot in the Town of East Hampton, at 87 South Euclid Avenue in the Central Business District of downtown Montauk. (A. 211). Appellant's proposal did not conform to the Town's minimum parking requirements, but it received a variance from the Town's Zoning Board allowing three parking spaces rather than eight. (A. 220 – 221). Appellant's proposed use – a two-story mixed-use structure with an art gallery on the first floor, and a two-bedroom apartment on the second floor – was not permitted as of right, but it received a special use permit. (A. 62, 65, 68).

On June 28, 2018, in connection with a routine site inspection and/or following up on a complaint from a neighbor, it was observed that Appellant had departed from the approved plans and was constructing two sets of stairs and a ramp that were not on the plans, and was also preparing concrete for the parking lot despite the plans calling for asphalt similar to the neighboring properties. (A. 83, 166). Based upon

4

these observations, a stop work order was issued and posted on June 28, 2018; however, Appellant or their contractors ignored the stop work Order and, per a follow-up inspection on July 2, 2018, proceeded to pour a concrete parking lot and completed some additional landscaping work directly in front of the door where the stop work order had been posted. (A. 83-84, 632-633). Appellant was issued appearance tickets for failure to adhere to the site plan and failure to comply with an Order from the Building Inspector, in violation of East Hampton Town Code § 102-21(B) and 255-6-50(F). (A. 79 - 82).

The same day of the re-inspection, July 2, 2018, Appellant submitted a request to modify its site plan, explaining that it had only obtained bids for a concrete parking lot rather than an asphalt one and that that after construction started they realized that steps were needed because of the topography of the site. (A. 230).

While their request to revise the plans was pending, Appellant appealed the Stop Work Order to the Town's Zoning Board of appeals, arguing that it was ineffectual because the handwritten year looked like a "19" rather than an "18," and challenging service based upon a claim that it had been posted but only sent out via regular rather than registered mail. (A. 88, 92, 102 - 106).

Rather than proceed to trial on the Town Code violations, Appellant adjourned the criminal matter while they sought relief before the Zoning Board in the hope they would obtain relief that would negate the charges, at least with respect to violating the stop work order. (A. 32).

5

On November 7, 2018, the Town Planning Board conditionally approved modifications to the site plans, allowing Appellant to use concrete rather than asphalt, and approving the revised plans for a ramp leading to a handicap accessible entrance. (A. 154). The Board explained that Appellant's initial submission sought to add a ramp along the side of the building leading to an accessible rear entrance, but it directed Appellant to submit further revised plans that complied with the Americans with Disabilities Act, which Appellant did. (A. 154). *See* 36 C.F.R, Appendix-B-to-Part-1191 §§ 206.4.1, 206.4.5, 206.4.6 and 208.3.1.

Upon approval of the revised plans, Appellant demanded that the Town Code violation proceedings be dismissed, but the Town Attorneys' office explained that the violations had still occurred even if subsequently cured, and offered a reduced fine and conditional discharge assuming the property passed re-inspection. (A. 157).

In response, on November 14, 2018, Appellants commenced a hybrid action in the New York State Supreme Court, with a pleading labeled "Verified Article 78 Petition and Complaint," along with an Order to Show Cause seeking a preliminary and permanent injunction preventing further prosecution of the Town Code violations or enforcement of the stop work order and directing that the Justice Court action against it be dismissed; a declaratory judgment that the Town Code provision allowing such proceedings to continue notwithstanding a pending Zoning Board Appeal was unconstitutional; a declaratory judgment finding that the stop work order was "unconstitutional and invalid;" and/or injunctive relief directing the Town's Zoning Board to expedite Appellant's appeal. (A. 186 – 207, 233-234).

6

One week after the state court action was filed, on November 21, 2018, the Town's Principal Building Inspector sent Appellants a letter advising that the Stop Work Order had been rescinded, but reminding them that they still needed approval from the Architectural Review Board and a new building permit before they could resume work. (A. 622).

The Town's Zoning Board subsequently denied Appellant's appeal challenging the stop work order as moot. (A. 238).

On or about December 20, 2018, the Town filed superseding misdemeanor information's alleging that, prior to June 28, 2018, Appellant violated East Hampton Town Code § 255-6-100(B) "in that Defendant constructed a concrete driveway on the subject property, despite the site plan approval for the construction of an asphalt parking area" and had thereby "failed to adhere to the approved site plan," and had also violated East Hampton Town Code § 102-21(B) in that Appellant "dispensed concrete onto the outside ground of the above mentioned property in order to create the surface for a parking area on a date and time following Deponent's posting of a written Order to suspend all building activities on said property due to Defendant's failure to build the parking area of the subject location in accordance with the previously approved site plan." (A. 183-184).

On or about May 31, 2019, after their initial Order to Show Cause had been briefed and the Town affirmatively requested that the "hybrid proceeding be dismissed in its entirety" (A. 325), Appellants moved to amend their complaint with various stylistic edits, to name the Town Attorney and Engineer, and to add a cause

7

of action that they described as "common law negligence and Article 78" as well as a cause of action under 42 U.S.C. § 1983 invoking the Fourth, Fifth, Sixth, and Fourteenth Amendments. (A. 409 - 420).

On May 14, 2020, the state court issued an Order denying Appellant's Article 78 petition in its entirety, denying their request for a preliminary injunction, and denying their request for leave to amend the complaint. (SPA 39). Specifically, the state court found that Appellants had failed to overcome the "strong presumption of validity" for legislative enactments and denied Appellant's request for a declaration that "Town of East Hampton Code §255-10-25 [was] unconstitutional." (SPA-42). The state court further found that Appellant's proposed amendments to add claims under 42 U.S.C. § 1983 and sounding in negligence were "patently devoid of merit" because, among other things, "prosecution of plaintiff's code violation is discretionary" and a negligence claim would have required a notice of claim and allegations of a "special relationship" between the Town and Appellants giving rise to a tort-based duty that was different than the Town's obligations for the benefit of the general public. (SPA-43). The state court's May 14, 2020 Order was marked as a final order disposing of the entire action. (SPA-39).[1]

On or about December 1, 2020, five and a half months after the state court action was disposed, Appellant commenced this action. In its complaint, among other

---

[1] The matter, Suffolk County Index No. 6064/2018, is marked "disposed" as of May 14, 2020 in the New York State Courts' eCourts system, https://iapps.courts.state.ny.us; the docket is not available on the State's NYSCEF system as it was filed not filed electronically.

things, Appellant asks the Federal Court to find that pending state court criminal charges against it are "without merit." (A. 27). They explain that the validity of the stop work order is "critical to the defense of Home Team to the criminal charges pending in the Justice Court," and ask the federal courts to rule on the arguments that they are also making in a "pending motion to dismiss" before the Town Justice Court. (A. 25 and 27). They note that this is their attempt to obtain declaratory relief to bolster their defense in the criminal proceeding before the Town Justice Court, as their appeal to the zoning board was denied as moot, and the New York State Supreme Court dismissed their prior action. (A. 25 - 26). They argue that Town violated their due process rights by successfully "opposing Home Team's Order to Show Cause" before the New York State Supreme Court. (A. 39).

They also asked the District Court to find that the Planning Board had acted unreasonably in requiring "ADA compliant accessible entrances with ramping in the front of" the building because doing so was "expensive" and "aesthetically less appealing" than their proposal of forcing the disabled to navigate a narrow path to a rear entrance. (A. 34).

In support of an equal protection argument, Appellant identify the same proposed comparator as they did with their proposed amended complaint in the state court action, consisting of the building across the street that fronts a parking lot rather than the roadway and a Town office with a rear parking lot. (A. 35). The damages Appellant is seeking include, *inter alia*, increased construction costs, as well

9

as attorneys' fees for its failed zoning board appeal and state court action, as well as the cost of defense of the still-pending criminal action. (A. 36).

Although they subsequently withdrew the claim without prejudice, Appellants also argued that their speedy trial rights were violated by being "coerced into consenting to an adjournment of the criminal matters" while they attempted to litigate their defense before the zoning board, state court, and now this court. (A. 32).

Defendants moved to dismiss; a report and recommendation were made recommending dismissal of on the grounds of *res judicata* (SPA 1, *et seq.*); Appellant objected but the objection was overruled (SPA 25, *et seq.*); and this appeal followed.

## ARGUMENT

### I.    THE LOWER COURT PROPERLY DISMISSED THIS ACTION BASED UPON RES JUDICATA

Federal courts must give full faith and credit to state court judgments, including the same "preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *Allen v. McCurry*, 449 U.S. 90, 96 (1980); 28 U.S.C. § 1738; U.S. Const. Art. VI § 1.

Under these circumstances, it is abundantly clear that the New York State Courts would not entertain these claims and would find them precluded by the May 14, 2020 Order in Appellant's prior state court action.

10

Notwithstanding their attempts to argue to the contrary, Appellant's state court action was expressly filed as a hybrid proceeding, not a simple Article 78 administrative appeal. (A. 186). In their initial filing, aside from being captioned as a hybrid proceeding, Appellants specifically state that they are seeking a "declaratory judgment" as well as relief under "42 U.S.C., § 1983 and 1988" [sic] in the body of the complaint; they raised similar arguments under the Due Process Clause that they are now again attempting to raise in this proceeding; and the state court treated their initial pleading as having raised arguments regarding "constitutional rights to procedural and substantive due process." (A. 186, 189, 201, SPA-41). To the extent not already included in their earlier complaint, Appellants sought leave to amend their state court complaint to assert, under 42 U.S.C. § 1983, virtually identical constitutional theories that they are now again attempted to plead in this action (other than their withdrawn speedy trial claim), and the state court found that their proposed amended complaint was "without merit." (SPA 43); *compare* (A. 36-37, 46-47, 50-51, 54-55) *with* (A. 408, 410, 414, 417). If Appellant disagreed with the state court, its recourse was to avail itself of state court appellate remedies, not attempt to re-file substantially the same action in federal court.

Where, as here, a litigant has filed a hybrid action in state court that includes declaratory relief as to constitutional claims, the state court judgment is *res judicata* and is given preclusive effect over all claims between the same parties arising out of the same transactions. *Corbett v. City of New York*, 816 F. App'x 551, 554 (2d Cir. 2020); *Sheffield v. Sheriff of Rockland Cty. Sheriff Dep't*, 393 F. App'x 808, 813 (2d

11

Cir. 2010). *See generally Burgos v. Hopkins*, 14 F.3d 787, 780 (2d Dept. 1994). In contrast, a pure Article 78 proceeding is merely an administrative appeal, and thus "New York courts would not bar a later civil rights claim" when someone successfully overturns an administrative decision without also including a related civil rights claim in the special proceeding. *Davidson v. Capuano*, 792 F.2d 275, 282 (2d Cir. 1986).

Appellant relies upon *Whitfield v. City of New York*, 96 F.4th 504, 526 (2d Cir. 2024), which contained a detailed analysis of the issue of *res judicata* applying to hybrid proceedings but only collateral estoppel applying to a "pure" Article 78. In *Whitfield*, a *pro se* litigant -- although demanding monetary damages beyond what would be incidental in an Article 78 proceeding -- specifically "styled his Petition" purely as an Article 78 proceeding and the state court explicitly discussed that it was treating the matter as a pure Article 78 proceeding and how it was "constrained" by that context and could consider the constitutional issues in the context of whether they raised an "error of law" under C.P.L.R. § 7803 but could not evaluate them using the same standards that would be applicable to a stand alone civil rights claim. *Whitfield v. City of New York*, 96 F.4th 504, 531 (2d Cir. 2024) *citing Whitfield v. City of New York Admin. For Children's Services,* No. 101407/2019, 2020 WL 5040369 (N.Y. Sup. Ct. Aug. 26, 2020) *aff'd Whitfield v. City of New York Admin. for Children's Servs.,* 199 A.D.3d 548, 158 N.Y.S.3d 63, 64 (2021).

Contrary to Appellant's arguments, the prior state court action was a hybrid proceeding wherein Appellant raised and litigated non-Article 78 claims on the

merits. Appellants, represented by counsel, styled the action as a hybrid proceeding and raised some of the same constitutional claims that they are not attempting to re-litigate in this action. In dismissing the action, the state court referred to Appellants as "plaintiff/petitioner," acknowledged that their pleading was a "petition and complaint," construed the Town's opposition as arguing that "that the petition/complaint should be dismissed" and -- after finding that the Article 78 aspects of the pleading were "not ripe" -- proceeded to address the declaratory judgment cause of action in the original complaint and "denied" Appellant's request to declare a particular section of the Town Code "unconstitutional and invalid." (SPA 39, 41-42). The state court then proceeded to address Petitioner's proposed amended complaint "challenging the propriety of the stop work order" and found that it along with all of Appellants remaining contentions were "without merit." (SPA-39, 41, 42).

Appellant argues that the prior action should be considered an Article 78 proceeding because the state court did not convert it to a plenary action, but there was no need to convert it because it was specifically commenced as a hybrid proceeding in the first instance.

Appellant further argues that the state court should have severed the non-Article 78 claims rather than dismissing them, but that is a disagreement with the state court decision that needed to be addressed through re-argument or a state court appeal. Appellant raised non-Article 78 claims, which were treated as such, but were dismissed. Appellant put the merit of its claims for declaratory relief at issue by filing a motion seeking dispositive relief (A. 233 – 234), the Town responded by

13

affirmatively asking that the "hybrid proceeding be dismissed in its entirety" (A. 325), and the claims were actually briefed and litigated on the merits before the state court. (A. 314). Regardless of any alleged error by the state court Appellant did not pursue an appeal and thus the dismissal of their prior hybrid action is final and entitled to full faith and credit.

Appellant further argues that the decision denying a motion to amend is irrelevant to the *res judicata* analysis, particularly when the amendment proposes adding new parties, but here the *res judicata* analysis turns on whether the prior state court action was a hybrid or pure Article 78 proceeding, and the fact that the state court was discussing amending the complaint clearly demonstrates that it recognized and treated the prior action as a hybrid proceeding the dismissal of which should be preclusive as to all "claims that relate to the same conduct, transactions, or events." *Curtis v. Citibank, N.A.,* 226 F.3d 133, 139 (2d Cir. 2000). Moreover, Appellant's original state court complaint invoked 42 U.S.C. § 1983 (A. 189), and their proposed amendment merely raised additional legal theories based upon the same transactions and occurrences.

Appellant's claim that *res judicata* cannot apply as against the Town Attorney and Town Engineer because the state court declined their request to add them as parties to their prior action is similarly without merit, as preclusion is being asserted against the Appellants, who were undeniably the same party as in their prior action, and to the extent necessary the Town Attorney and Town Engineer would be in privity with the Town itself as a defendant in the prior action. *See Chase Manhattan Bank, N.A.*

14

*v. Celotex Corp.*, 56 F.3d 343, 346 (2d Cir. 1995). Indeed, although not named in the caption, they were discussed in Appellant's original state court complaint as part of the actions of the Town, generally, that Appellant was complaining of. (A. 193 and 195).

Accordingly, *res judicata* applies and Appellant cannot file a federal action after having already lost a state court action arising from the same facts and circumstances.

## II. ALTERNATIVE BASIS FOR AFFIRMANCE - EVEN IF *RES JUDICATA* DOES NOT APPLY, COLLATERAL ESTOPPEL WOULD BAR THE DUE PROCESS AND EQUAL PROTECTION CLAIMS; OR, THEY OTHERWISE FAIL TO STATE A CAUSE OF ACTION

Even if *res judicata* did not apply, Appellants are bound and precluded by the state court finding that the same claims they are raising in this action are patently devoid of merit and, specifically, that their challenge to the "propriety of the stop work order is without merit as the prosecution of plaintiff's code violation is discretionary." The claims in this action do not merely arise from the same transactions and occurrences as those in the state court action: they are substantially the same exact claims, largely verbatim. (*Compare* A. 47-48 and 52-53 *with* A. 485-486 and 490-491). While state court did not engage in an especially detailed analysis of the due process and equal protection claims, it did find that they lacked merit, and specifically references the the discretionary nature of the conduct at issue which precludes either type of claim under these circumstances.

15

A due process claim cannot arise without a property right, and Appellants had no vested property interest in departing from their approved plans. The "entitlement analysis focuses on the degree of official discretion and not on the probability of its favorable exercise.'" *Gagliardi v. Vill. of Pawling,* 18 F.3d 188, 192 (2d Cir.1994); *See also Cine SK8 v. Town of Henrietta,* 507 F.3d 778, 784 (2d Cir.2007). Substantive due process is not a 'catchall' designed to review every exercise of discretion by the coordinate branches of government," *Rivera v. City of New York*, 392 F. Supp. 2d 644, 653 (S.D.N.Y. 2005).

The crux of Appellant's argument is that they had a reason for adding stairs and a ramp and that changing from asphalt to concrete was not a major issue. However, they did so without permission, the Building Inspector and Town Attorneys Office discretion in how to address the violation, and whether and on what terms to grant permission to modify the plans was a matter within the Town Planning Board's discretion. In fact, the stairway and ramp that had starting building without permission were ultimately not what was approved as part of their revised plans.

As to the Equal Protection Clause claim, site plan review as to the placement and accessibility of the front entrance of a building involves "discretionary decision making based on a vast array of subjective, individualized assessments." *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 602 – 603 (2008). Although there can issues in a land use context that are simple enough for there to be similarly situated comparators, land use determinations "almost always… treat one landowner differently from another" simply because every property and situation is different.

16

*Vill. of Willowbrook v. Olech*, 528 U.S. 562, 565 (2000)(Breyer, J., concurring). This complaint does not contain allegations sufficient to state a claim that Appellants were "intentionally treated differently from others similarly situated" and "there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In one conclusory statement in their brief, Appellant points to pages 33 through 35 of the Appendix as containing allegations to support this claim, but there are no factual allegations of malicious intent, targeting a protected class, or the inhibition or punishment of a constitutional right so as to support a selective enforcement theory, *See LaTrieste Rest. & Cabaret Inc. v. Vill. of Port Chester,* 40 F.3d 587, 590 (2d Cir. 1994), and a pure class-of-one claim cannot be stated because the comparators are far from being "prima facie identical" such that "the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake," *Hu v. City of New York*, 927 F.3d 81, 92 (2d Cir. 2019).

On the face of the complaint, there was a rational basis for the Planning Board requiring a handicap-accessible front entrance facing the roadway and rejecting Appellant's proposal of having handicap patrons go through a narrow alley to reach an entrance in the rear. Appellant's structure is among a row of retail establishments in a downtown central business district, whose entrances face South Euclid Avenue, with a narrow separation between them, and the approved plans follow the same parking pattern. (A. 131, 246). The complaint contains minimal description of the proposed comparators, but the building across the street faces a parking lot and is

17

not surrounded by other buildings, and the Town Offices that Appellant references are not in downtown Montauk and are located in an open area with a parking lot. (A. 34-35, 248, 250, 635-636).

Moreover, Appellant did not obtain a final determination rejecting a different plan, but instead submitted plans that were approved and is attempting to challenge informal commentary and its own assumptions as to whether a different plan would have been rejected. They are not challenging a final determination, raising a ripe dispute, or challenging an action the Town actually took. *Vill. Green At Sayville, LLC v. Town of Islip,* 43 F.4th 287, 293 (2d Cir. 2022). Instead, they are asking the federal courts to rule, in the first instance, on the appropriateness of an alternative site plan proposal that they chose to modify rather than proceed with.

## CONCLUSION

WHEREFORE, it is respectfully requested that an Order be issued affirming the March 13, 2024 Judgment in the within action; together with costs and such other and further relief in Appellees' favor as is deemed just, equitable, and proper.

Dated: August 15, 2024             Respectfully submitted,


DEVITT SPELLMAN BARRETT, LLP

*/s/ Scott Kreppein*
By: Scott Kreppein
2150 Joshuas Path, Ste 300
Hauppauge, NY 11788
(631) 724-8833

18

<u>WORD COUNT CERTIFICATION</u>

This brief, in compliance with Fed. R. App. P. 32(a) and Local Rule 32.1, was prepared on a computer using MS Word. The typeface is Century, 12 point, with 12 point footnotes, double spaced. The total wordcount, exclusive of the table of contents and table of authorities, is: <u>5,314</u>.


Dated: August 15, 2024      Respectfully submitted,


DEVITT SPELLMAN BARRETT, LLP

<u>*/s/ Scott Kreppein*           </u>
By: Scott Kreppein
2150 Joshuas Path, Ste 300
Hauppauge, NY 11788
(631) 724-8833

**ADDENDUM**

i

# Table of Contents

**Page**

36 C.F.R., Part 1191 – Americans with Disabilities Act
   Accessibility Guidelines for Buildings and Facilities;
   Architectural Barriers Act (ABA) Accessibility Guidelines.....ADD-1

ADD-1

**36 C.F.R., PART 1191—AMERICANS WITH DISABILITIES ACT (ADA) ACCESSIBILITY GUIDELINES FOR BUILDINGS AND FACILITIES; ARCHITECTURAL BARRIERS ACT (ABA) ACCESSIBILITY GUIDELINES**

206.4.1 Public Entrances. In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404.

\*\*\*

206.4.5 Tenant Spaces. At least one accessible entrance to each tenancy in a facility shall comply with 404.

Exception: Self-service storage facilities not required to comply with 225.3 shall not be required to be on an accessible route.

206.4.6 Residential Dwelling Unit Primary Entrance. In residential dwelling units required to provide mobility features complying with 809.2, at least one primary entrance shall comply with 404. The primary entrance to a residential dwelling unit shall not be to a bedroom.

\*\*\*

208.3 Location. Parking facilities shall comply with 208.3.

208.3.1 General. Parking spaces complying with 502 that serve a particular building or facility shall be located on the shortest accessible route from parking to an entrance complying with 206.4. Where parking serves more than one accessible entrance, parking spaces complying with 502 shall be dispersed and located on the shortest accessible route to the accessible entrances. In parking facilities that do not serve a particular building or facility, parking spaces complying with 502 shall be located on the shortest accessible route to an accessible pedestrian entrance of the parking facility.